UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. PAYLOR )<br>Lieutenant Commander, USN (Retired) )<br>13901 176TH St. East )<br>Puyallup, WA  98374 )<br>                                                                  )<br>            Plaintiff,                          )<br>                                                                  )<br>v.                                                            )<br>                                                                  )<br>DONALD C. WINTER                  )<br>Secretary of the Navy                   )<br>1000 Navy Pentagon                    )<br>Washington, D.C. 20350-1000     )<br>                                                                  )<br>            Defendant.                       ) | C.A. No. _____ |

## COMPLAINT

1.      This action seeks review of the November 14, 2007, decision of the Board for Correction of Naval Records (BCNR), approved by the Assistant General Counsel (Manpower and Reserve Affairs), each acting for the Secretary of the Navy denying plaintiff's application to the BCNR requesting that he be given a special selection board (SSB).  The decision is a final agency decision under the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et. seq.* and 10 U.S.C. § 628(g)(1)(A).

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702 and 10 U.S.C. § 628(g)(1)(A).  This case presents a federal question pursuant to 5 U.S.C. § 701, *et. seq.* and 10 U.S.C. § 628(g)(1)(A).

xx. Venue lies in this Court pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff was an applicant before the BCNR and is adversely affected by the final agency action denying his request for a SSB.

4.      Defendant, the Honorable Donald C. Winter, is the Secretary of the Navy and is the named defendant in his official capacity only.  Because he is the official with final authority for correction of records within the Department of the Navy and is the proper official to order that a SSB be convened, he is the proper defendant for a cause of action under the APA and 10 U.S.C. § 628(g)(1).

## FACTS

5.      Plaintiff is a caucasian male who served on active duty in the U.S. Navy from June 19, 1981, until his retirement effective October 1, 1998.

6.      At the time of his retirement, plaintiff held the rank of lieutenant commander.

7.      Plaintiff failed selection for promotion to the rank of commander by the fiscal year (FY) 1997, 1998, and 1999 Line Commander Selection Boards.

8.      Plaintiff's failure of selection for promotion to commander was the sole reason that he requested retirement.

9.      After his retirement, plaintiff learned that instructions or precepts issued by the Secretary of the Navy and used in the FY 1997, 1998, and 1999 Line Commander Selection Boards directed the selection boards to consider race and gender when selecting officers for promotion to commander.

10.     In an application to the BCNR dated January 25, 2007, accompanied by a supporting brief dated January 31, 2007, plaintiff asserted that the precepts directing the consideration of race and gender were unconstitutional because racial minority and female lieutenant

commanders were given special preference based solely on their race and gender. Plaintiff asserted that these instructions and procedures caused him not to be fairly considered for promotion in the FY 1997, 1998, and 1999 Line Commander Selection Boards. Plaintiff requested that the BCNR provide him a SSB for promotion to commander for FY 1997 that did not include the precepts asserted to be unconstitutional. Plaintiff also requested that if he were not selected for promotion by the FY 1997 SSB that he receive an SSB for FY 1998 and, if necessary, an SSB for FY 1999 in which the precepts asserted to be unconstitutional were omitted.

11. In response to the plaintiff's application, the BCNR sought an advisory opinion from the Department of the Navy Office of the Judge Advocate General (OJAG).

12. In an advisory opinion dated April 27, 2007, the OJAG conceded that plaintiff may have been disadvantaged by the precept language in each of the FY 1997, 1998, and 1999 Line Commander Selection Boards. The advisory opinion concluded, however, that relief was not warranted because plaintiff's application was untimely filed.

13. In concluding that the plaintiff's application was untimely filed, the OJAG advisory opinion relied upon (1) a three-year statute of limitations for requesting a SSB contained in Secretary of the Navy Instruction (SECNAVINST) 1420.1B that was promulgated on March 28, 2006, and (2) 10 U.S.C. § 1552 providing that applications for correction of military records must be filed within three years after discovery of the error or injustice. The OJAG noted, however, that 10 U.S.C. § 1552 specifically provides that the three-year time limit could be waived by the BCNR in the interest of justice.

14. On 14 November 2007, the BCNR denied plaintiff's application and his request for an SSB that would consider his promotion to Commander without the precepts giving preference to female and minority officers.

15. In a letter dated December 5, 2007, the plaintiff was notified of the decision of the BCNR and informed that the Assistant General Counsel (Manpower and Reserve Affairs) had approved the decision.

16. In its decision, the BCNR specifically found that it was in the interest of justice to waive the three-year time limit contained in 10 U.S.C. § 1552 and review plaintiff's application on the merits.

17. The BCNR concluded, however, that it did not consider it appropriate to waive the three-year statute of limitations contained in SECNAVINST 1420.1B. It stated that this was so "particularly in light of [a Navy Personnel Command (NPC) email dated June 18, 2007]". In arriving at this conclusion, the BCNR suggested that the predecessor of SECNAVINST 1420.1B "was amended by message of 9 June 2003 to include the three-year time limit for SSB applications."

18. Prior to the decision of the BCNR, plaintiff was neither provided a copy nor given notice of the NPC email dated June 18, 2007, upon which the BCNR expressly relied.

19. Prior to the decision of the BCNR, plaintiff was neither provided a copy nor given notice of the message dated June 9, 2003, purporting to amend SECNAVINST 1420.1B and upon which the BCNR expressly relied.

20. The decision of the BCNR stated that it substantially concurred with the OJAG advisory opinion. However, neither the decision of the BCNR nor the OJAG advisory opinion contains any discussion or comment on the plaintiff's argument and citation of authority for the

proposition that the newly created statute of limitation, first published on March 28, 2006, and contained in SECNAVINST 1420.1B, must allow a reasonable time for the commencement of suits based upon existing causes of action.

## **APPLICABLE LAW**

**A.      10 U.S.C. § 1556**

21.     Ex parte communications prohibited

   (a) In General.--The Secretary of each military department shall ensure that an applicant seeking corrective action by the Army Review Boards Agency, the Air Force Review Boards  Agency, or the Board for Correction of Naval Records, as the case may be, is provided a copy of
all correspondence and communications (including summaries of verbal communications) to or from the agency or board, or a member of the staff of the agency or board, with an entity or person outside the agency or board that pertain directly to the applicant's case or have a material
effect on the applicant's case.
   (b) Exceptions.--Subsection (a) does not apply to the following:
      (1) Classified information.
      (2) Information the release of which is otherwise prohibited by law or regulation.
      (3) Any record previously provided to the applicant or known to be possessed by the applicant.
      (4) Any correspondence that is purely administrative in nature.
      (5) Any military record that is (or may be) provided to the applicant by the Secretary of the military department or other source.

**B.      5 U.S.C. § 706**

22.     Scope of Review

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and
(2) hold unlawful and set aside agency action, findings, and conclusions found to be--
   (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
   (B) contrary to constitutional right, power, privilege, or immunity;

  (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
  (D) without observance of procedure required by law;
  (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [5 USCS §§ 556 and 557] or otherwise reviewed on the record of an agency hearing provided by statute; or
  (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

**C.**  **10 U.S.C. § 628(g)(1)**

23. (g)  Judicial Review

(1)(A) A court of the United States may review a determination by the Secretary of a military department under subsection (a)(1) or (b)(1) not to convene a special selection board in the case of any person. In any such case, the court may set aside the Secretary's determination only if the court finds the determination to be--
  (i) arbitrary or capricious;
  (ii) not based on substantial evidence;
  (iii) a result of material error of fact or material administrative error; or
  (iv) otherwise contrary to law.
(B) If a court sets aside a determination by the Secretary of a military department not to convene a special selection board under this section, it shall remand the case to the Secretary.

## COUNT ONE

24. The allegations contained in paragraphs 1 through 20 are incorporated herein by reference.

25. The November 14, 2007, decision of the BCNR, approved by the Assistant General Counsel (Manpower and Reserve Affairs), each acting for the Secretary of the Navy, is contrary to statute governing the proceedings of the BCNR.  Specifically, 10 U.S.C. § 1156, prohibits the board from considering ex parte communications that pertain directly to the applicant's case or that have a material effect on the applicant's case.  Because the decision of the BCNR did not

6

comply with procedure required by statute, its decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and (3) without observance of procedure required by law.  Each of these deficiencies is within the authority of this Court to remedy pursuant to the APA, 5 U.S.C. § 706.

## COUNT TWO

26.     The allegations contained in paragraphs 1 through 20 are incorporated herein by reference.

27.     The November 14, 2007, decision of the BCNR, approved by the Assistant General Counsel (Manpower and Reserve Affairs), each acting for the Secretary of the Navy, is arbitrary and capricious because it failed to acknowledge and comment on plaintiff's argument that he must be allowed a reasonable time to seek an SSB before a newly created statute of limitations bars redress after the cause of action has accrued.  When the BCNR failed to examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made, and further, when it entirely failed to consider important aspects of the case presented to it by the plaintiff, the BCNR issued a decision that is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and (2) without observance of procedure required by law.  Each of these deficiencies is within the authority of this Court to remedy pursuant to the APA, 5 U.S.C. § 706.

## COUNT THREE

28.     The allegations contained in paragraphs 1 through 20 are incorporated herein by reference.

29.     The November 14, 2007, decision of the BCNR, approved by the Assistant General Counsel (Manpower and Reserve Affairs), each acting for the Secretary of the Navy, is contrary to statute governing the proceedings of the BCNR.  Specifically, 10 U.S.C. § 1156, prohibits the board from considering ex parte communications that pertain directly to the applicant's case or that have a material effect on the applicant's case.  Because the decision of the BCNR did not comply with procedure required by statute, its decision is (1) arbitrary or capricious; (2) not based on substantial evidence; (3) a result of material error of fact or material administrative error; or (4) otherwise contrary to law.  Each of these deficiencies is within the authority of this Court to remedy pursuant to 10 U.S.C. § 628(g)(1).

## COUNT FOUR

30.     The allegations contained in paragraphs 1 through 20 are incorporated herein by reference.

31.     The November 14, 2007, decision of the BCNR, approved by the Assistant General Counsel (Manpower and Reserve Affairs), each acting for the Secretary of the Navy, is arbitrary and capricious because it failed to acknowledge and comment on plaintiff's argument that he must be allowed a reasonable time to seek an SSB before a newly created statute of limitations bars redress after the cause of action has accrued.  When the BCNR failed to examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made, and further, when it entirely failed to consider important aspects of the case presented to it by the plaintiff, the BCNR issued a decision that is (1) arbitrary or capricious; (2) not based on substantial evidence; (3) a result of material error of fact or material administrative error; or (4) otherwise contrary to law.  Each of

these deficiencies is within the authority of this Court to remedy pursuant to 10 U.S.C. § 628(g)(1).

## REQUEST FOR RELIEF

32.  WHEREFORE, plaintiff prays that this Court:

   a) Set aside the November 14, 2007, decision of the BCNR.

   b) Remand the plaintiff's application to the BCNR with instructions to grant plaintiff SSB's for FY 1997, 1998, and 1999, as necessary, to insure that he is fairly considered for promotion to Commander without precepts directing the consideration of race and gender.

   c) Provide other appropriate relief deemed necessary by this Court.

   d) When properly requested, award plaintiff payment of all costs and reasonable attorney fees incurred in prosecuting this action.

Respectfully submitted,

/s<br>
Richard A. Bednar<br>
Law Office of Richard A. Bednar<br>
12107 Park Shore Ct.<br>
Woodbridge, VA 22192-2217<br>
703-490-0000 (Office)<br>
703-991-0454 (Fax)<br>
Email: Rbednar@ArmedForcesLaw.com

/s<br>
Raymond J. Toney (NY0066)<br>
The Law Office of Raymond J. Toney<br>
404 Park Avenue South<br>
14th Floor New York, NY 10016-8403<br>
212-686-3434 Ext. 206 (Office)<br>
718-504-4735 (Fax)<br>
Email: rjtoney@rjtlaw.net

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Mark A. Paylor

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Donald C. Winter, Secretary of the Navy

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___88888___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Raymond J. Toney
The Law Office of Raymond J. Toney
404 Park Avenue South
14th Floor New York, NY 10016-8403
212-686-3434 Ext. 206

Case: 1:08-cv-00331
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 2/25/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ◉ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Judicial review of agency action pursuant to Administrative Procedure Act, 5 USC 701, et seq. & 10 USC 628(g)

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23    DEMAND $ Waived    JURY DEMAND: YES ☐  NO ☒    Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES ☐    NO ☒    If yes, please complete related case form

DATE  February 20, 2008    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed Listed below are tips for completing the civil cover sheet These tips coincide with the Roman Numerals on the Cover Sheet

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence Use 11001 to indicate plaintiff is resident of Washington, D C , 88888 if plaintiff is resident of the United States but not of Washington, D C , and 99999 if plaintiff is outside the United States

III. CITIZENSHIP OF PRINCIPAL PARTIES This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV. CASE ASSIGNMENT AND NATURE OF SUIT The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint You may select only one category You must also select one corresponding nature of suit found under the category of case

VI. CAUSE OF ACTION Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

VIII. RELATED CASES, IF ANY If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form