# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARK A. PAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-00331 (CKK) |
| | ) | |
| DONALD C. WINTER, Secretary of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendant hereby moves the Court to dismiss plaintiff's Complaint with prejudice, for the reasons set forth in the accompanying Memorandum of points and authorities in support of this motion.

Dated: May 5, 2008

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Ave. NW, Room 7218
Washington, D.C. 20001
Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov
*Attorneys for Federal Defendant*s

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                                              |   |                                    |
| -------------------------------------------- | - | ---------------------------------- |
|                                              | ) |                                    |
| MARK A. PAYLOR,                              | ) |                                    |
|                                              | ) |                                    |
|      Plaintiff,     | ) |                                    |
|                                              | ) |                                    |
|      v.             | ) | Civil Action No. 08-00331 (CKK)    |
|                                              | ) |                                    |
| DONALD C. WINTER, Secretary of the Navy,     | ) |                                    |
|                                              | ) |                                    |
|      Defendant.     | ) |                                    |
|                                              | ) |                                    |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................iii

INTRODUCTION ............................................................................................ 1

STATUTORY AND REGULATORY FRAMEWORK .........................................4

    A.    Promotion Boards And Special Selection Boards (SSBs) .........................................4

    B.    2001 Amendments To 10 U.S.C. § 628 ..................................................5

    C.    Navy Regulations Governing SSB Requests ...........................................5

    D.    The Three-Year Time Limit ....................................................................6

    E.    Judicial Review ......................................................................................7

FACTUAL AND PROCEDURAL BACKGROUND ..........................................8

STANDARD OF REVIEW ...............................................................................11

ARGUMENT ...................................................................................................12

    I.    THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S APA
        CLAIMS ...............................................................................................12

        A.    Under 10 U.S.C. § 628, All Challenges Related To An Officer's
            Failure To Be Selected For Promotion Must Be Channeled Through
            The SSB Process And Must Be Brought Pursuant To The Limited
            Causes Of Action Set Forth In 10 U.S.C. § 628 ........................................12

        B.    The APA Bars Review Of Plaintiff's Claims Under Its Provisions
            Because 10 U.S.C. § 628 Provides Plaintiff With An Adequate And
            Exclusive Remedy ..................................................................................14

    II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER 10 U.S.C. § 628 .................16

        A.    Plaintiff Cannot State A Claim On The Basis That The BCNR
            Improperly Considered Ex Parte Communications ...................................16

1.      June 18, 2007, E-Mail From Navy Personnel Command ..............17

2.      June 3, 2003, ALNAV Message ....................................................19

B.      Plaintiff Cannot State A Claim Based On His Allegation That The
BCNR Failed To Respond To His Argument That The Three-Year
Time Limit Cannot Be Applied Until A Reasonable Time
After Its Promulgation ...............................................................................20

CONCLUSION ...............................................................................................................24

# TABLE OF AUTHORITIES

## CASES

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) ...............................................................11

Block v. North Dakota, 461 U.S. 273 (1983) ....................................................................22, 23

Bowen v. Georgetown Univ. Hosp., 488 U.S. 204 (1988) .............................................23

Bowen v. Massachusets, 487 U.S. 879 (1988) ...............................................................15

Bowman Transp., Inc. v. Ark.-Best Freight Sys., 419 U.S. 281 (1974) ........................................21

Daniels v. United States, 532 U.S. 374 (2001) ..............................................................24

Dickson v. Sec'y of Defense, 68 F.3d 1396 (D.C. Cir. 1995) ....................................18, 21

Fornaro v. James, 416 F.3d 63 (D.C. Cir. 2005) ...........................................................15

Frizelle v. Slater, 111 F.3d 172  (D.C. Cir. 1997) ....................................................20-21

Heckler v. Ringer, 466 U.S. 602 (1984) .........................................................................13

Homer v. Roche, 226 F. Supp. 2d 222 (D.D.C. 2002) ...........................................13, 16

Howard v. Gutierrez, 474 F. Supp. 2d 41 (D.D.C. 2007) ..............................................12

Isenbarger v. Farmer, 463 F. Supp. 2d 13 (D.D.C. 2006) .............................................11

Landgraf v. USI Film Prods., 511 U.S. 244 (1994) .......................................................23

Langer v. George Washington Univ., 498 F. Supp. 2d 196 (D.D.C. 2007) .....................9

Marcelus v. Corr. Corps of Am./Corr. Treatment Facility,
     No. 07-0721, 2008 WL 839746 (D.D.C. Mar. 31, 2008) ....................................9

Miller v. Dep't of Navy, 476 F.3d 936 (D.C. Cir. 2007) ...............................................13

Miller v. Dep't of Navy, 383 F. Supp. 2d 5 (D.D.C. 2005),
     rev'd on other grounds by Miller, 476 F.3d 936 (D.C. Cir. 2007).......................13

Motor Vehicle Mfrs. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29 (1983) .................21

Mueller v. England, 404 F. Supp. 2d 51 (D.D.C. 2005) ......................................................14

Rogers v. United States, 180 F.3d 349 (1st Cir. 1999) ...............................................22, 23

Role Models America, Inc. v. Harvey, 459 F. Supp. 2d 28 (D.D.C. 2006) ....................11

Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1 (2000) .....................13

Shirk v. Garrow, 505 F. Supp. 2d 169 (D.D.C. 2007) ............................................11, 12

Steenholdt v. FAA, 314 F.3d 633 (D.C. Cir. 2003) .........................................................18

Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169 (D.C. Cir. 2006) .......................................12

Transohio Savings Bank v. OTS, 967 F.2d 598 (D.C. Cir. 1993) ..................................15

Trudeau v. Fed. Trade Comm'n, 456 F.3d 178 (D.C. Cir. 2006) ............................14, 15

Vila v. Inter-Am. Inv., Corp., 536 F. Supp. 2d 41 (D.D.C. 2008) ...................................9

## **STATUTES**

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 ..........................................1

5 U.S.C. § 702 .................................................................................................................15

5 U.S.C. § 704 .................................................................................................................15

5 U.S.C. § 706 .................................................................................................................12

10 U.S.C. §§ 611-626 ........................................................................................................4

10 U.S.C. § 611 .................................................................................................................4

10 U.S.C. § 628 .........................................................................................................passim

10 U.S.C. § 1552 ....................................................................................................9, 10, 18

10 U.S.C. § 1556 .......................................................................................2, 16, 18, 19, 20

28 U.S.C. § 2401 .............................................................................................................24

42 U.S.C. § 405 ...............................................................................................................13

National Defense Authorization Act for FY 2002,
    Pub. L. 107-107, § 503, 115 Stat. 1012 (Dec. 28, 2001) ...............................................5, 23

## REGULATIONS AND OTHER ADMINISTRATIVE MATERIALS

Department of Defense ("DOD") Directive 1320.11 .......................................................................5

SECNAVINST 1401.1B (Apr. 25, 1997 to Mar. 28, 2006) ............................................6-7, 10, 20

SECNAVINST 1420.1B .................................................................5, 6, 7, 9, 10, 16, 17, 18, 21, 22

ALNAV 050/03 (Jun. 9, 2003) .................................................................................................7, 10

## INTRODUCTION

Plaintiff seeks to challenge the decision of the Secretary of the Navy ("Secretary") to deny plaintiff's request for a special selection board ("SSB") that would reconsider – ten years after the fact – whether plaintiff should have been recommended for promotion in 1997.  Plaintiff submitted his request for an SSB to the Board for Correction of Naval Records ("BCNR") in January 2007.  He argued that the equal opportunity instructions in effect in the three selection boards that considered but did not recommend him for promotion gave an unfair advantage to female and minority servicemembers and were thus unconstitutional.  The BCNR recommended denial of plaintiff's SSB request, and the Secretary approved the BCNR's recommendation, because a Navy instruction places a three-year time limit on such requests, and plaintiff's request was submitted more than three years after the original selection boards' decisions.

Congress expressly authorized the Secretary to set a time limit on SSB requests in its 2001 amendment to 10 U.S.C. § 628.  That statute also governs judicial review of any issues related to promotion board decisions, requiring that all such claims be channeled through the SSB process, and setting forth a limited scope of review when the Secretary denies an SSB. While the standards set forth in § 628 resemble those that apply under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, § 628 provides a distinct and exclusive cause of action.  Thus, while plaintiff attempts to raise duplicative claims under both the APA and § 628, only his § 628 claims can be considered.

Furthermore, plaintiff fails to state a claim under 10 U.S.C. § 628.  Plaintiff acknowledges that his request for an SSB was made more than three years after the selection board decisions that failed to recommend him for promotion, and he does not challenge the

BCNR's conclusion that his request therefore fell outside the three-year time limit set forth by Navy regulation.  Instead, plaintiff asks this Court to overturn the Secretary's decision on procedural grounds.  Plaintiff's Complaint first alleges that two items referenced in the BCNR's decision memorandum constituted ex parte communications, and that the BCNR's failure to provide him with copies of these items before issuing its decision violated 10 U.S.C. § 1556.  The two items in question, however, do not qualify as ex parte communications subject to the § 1556 disclosure requirement.  The first item is an e-mail from Navy Personnel Command informing the BCNR that there were records that could be used to conduct an SSB in plaintiff's case but that the records existed only in paper form.  This communication is purely administrative in nature and thus falls squarely within an exception set forth in the statute.

The second item was issued in 2003 as an ALNAV message, which was thus transmitted to all Navy and Marine offices and posted on the Navy website.  The message alerted all personnel that the Secretary had amended the Navy instruction that then governed SSB proceedings by imposing a three-year time limit on SSB requests.  Because this message existed long before plaintiff ever filed his application with the BCNR and was publicly available, it clearly does not constitute an ex parte communication to the BCNR regarding plaintiff's case.  The requirements of 10 U.S.C. § 1556 therefore do not apply to this message.  Because no violation of § 1556 occurred, plaintiff fails to state a claim that the Secretary's decision is arbitrary or contrary to law on that basis.

Plaintiff asserts as the second ground for overturning the Secretary's decision that the BCNR failed to respond to plaintiff's argument that the Secretary was required to give those who had potential grounds for requesting an SSB a reasonable time after he imposed the three-year

time limit to submit their requests.  According to plaintiff, the BCNR's alleged failure to address

this argument deprives the BCNR's decision of a rational connection between the facts found and

the decision that was made.  Contrary to plaintiff's assertion, the reasoning behind the

Secretary's decision not to convene an SSB is easily discernible from the BCNR decision

memorandum.  The BCNR recognized that Congress had expressly authorized the Secretary to

impose a time limit on SSB requests and that the Secretary had exercised his discretion to do so.

It is clear from the BCNR decision that the BCNR's denial of plaintiff's SSB request was due to

its submission outside this time limit.  The BCNR responded to plaintiff's argument regarding a

"reasonable time" by explaining that the Navy instruction setting forth the three-year time limit

was applicable to all SSB requests – including plaintiff's – that were submitted after the

instruction went into effect.

      While plaintiff's "reasonable time" argument was apparently intended to suggest that

imposing the three-year time limit in his case was an inappropriate retroactive application, his

assertion on that point is incorrect, and did not require a response other than that which the

BCNR provided.  Plaintiff seeks to analogize the time limit set forth in the Navy instruction to a

statute of limitations.  However, the time limit here is set forth in a Navy instruction that

prospectively governs all SSB requests submitted after the instruction went into effect.  It

therefore cannot be considered retroactive in the same sense that statutes of limitations refer back

to the time a cause of action accrues.  Moreover, even if the same principle did apply here, the

2001 statutory amendments authorizing the Secretary to impose a time limit indicate Congress'

intent that the changes would govern all challenges to promotion board decisions, including those

already pending at the time of their enactment.  Those cases that have required a "grace period"

before a statute of limitations can be applied retroactively to cut off an accrued cause of action

have deemed a period equal to the limitations period itself to be sufficient for this purpose.  Here,

as the BCNR recognized, the three-year time limit went into effect in June 2003, more than three

years before plaintiff submitted his request to the BCNR.  Plaintiff thus fails to state a claim upon

which relief may be granted, and his Complaint should therefore be dismissed.

## STATUTORY AND REGULATORY FRAMEWORK

**A.    Promotion Boards And Special Selection Boards (SSBs)**

The promotion of military officers is governed by 10 U.S.C. §§ 611-626.  The Secretary

of a military department is authorized to convene promotion selection boards "to recommend"

officers on the active-duty list "for promotion to the next higher permanent grade."  10 U.S.C. §

611(a).  These selection boards operate "under regulations prescribed by the Secretary of

Defense."  Id. § 611(c).

Pursuant to 10 U.S.C. § 628, SSBs may be convened to consider an officer for promotion

in retrospect.  The possibility of convening an SSB arises if, "because of administrative error[,] a

person who should have been considered for selection for promotion from in or above the

promotion zone by a promotion board was not so considered," id. § 628(a), or if "there was

material unfairness with respect to" a person "who was considered for selection for promotion by

a promotion board but was not selected," id. § 628(b).  In the latter circumstance, 10 U.S.C. §

628 authorizes, but does not require, the Secretary of a military department to "convene a[n]

[SSB]. . . to determine whether that person (whether or not then on active duty) should be

recommended for promotion."  Id.  If an SSB is convened and does select the officer for

promotion, the promotion is implemented retroactively, as if it had occurred as a result of the

4

original selection board.  Id. § 628(d).  Department of Defense ("DOD") Directive 1320.11 encourages military departments to use SSBs "for the reasons listed in Section 628(b)." DOD Directive 1320.11 (May 6, 1996) (attached hereto as Exhibit A).

**B.    2001 Amendments To 10 U.S.C. § 628**

In 2001, 10 U.S.C. § 628 was amended, and the current subsections (g) through (j) (as amended) were added.  National Defense Authorization Act for FY 2002, Pub. L. 107-107, § 503, 115 Stat. 1012 (Dec. 28, 2001).  The applicability provision set forth as a note under § 628 states that these amendments "shall apply with respect to any proceeding pending on or after [December 28, 2001] without regard to whether a challenge to an action of a selection board . . . being considered in the proceeding was initiated before, on, or after that date." Id. § 503(c). Among the changes made, the amendments added provisions relating to judicial review, as discussed below.

In addition, the new subsection (j) required the Secretary of each military department to "prescribe regulations to carry out this section," and authorized the Secretary to "prescribe" in these regulations "the circumstances under which consideration by a [SSB] may be provided for under this section, including . . . [t]he circumstances under which consideration of a person's case by a [SSB] is contingent upon application by or for that person," and "[a]ny time limits applicable to the filing of an application for such consideration."  10 U.S.C. § 628(j)(1)-(2).

**C.    Navy Regulations Governing SSB Requests**

Under current Navy regulations, an individual officer may initiate a request for an SSB by "bring[ing] supporting information to the attention of the [Chief of Naval Operations ("CNO")]." SECNAVINST 1420.1B(24)(c), (n)(3) (attached hereto as Exhibit B).  In addition, the Board for

Correction of Naval Records ("BCNR") "may, in appropriate cases, conclude that an individual's case warrants referral to a[n] [SSB]." Id. 1420.1B(24)(n)(2). In such a circumstance, the BCNR must refer the case to the CNO, who will then "forward comments and recommendations concerning the particular case to the [BCNR's] Director." Id. "If the BCNR concludes from the comments and recommendations that the case warrants a[n] [SSB], the BCNR shall refer the case" to the Secretary. In all instances where the convening of an SSB is under consideration, the Judge Advocate General ("JAG") is required to provide advice to the Secretary "concerning any question of law, or mixed question of law and fact, that JAG determines has been raised by a request or by the comments and recommendations made on the request." Id. 1420.1B(24)(e)(2), (n)(1).

A determination that a promotion selection board "acted contrary to law, that material error of fact or material administrative error occurred or that material information was not considered by a promotion selection board" must be made by the Secretary, who "will consider the comments and recommendations of the CNO . . . or [his] designee." Id. 1420.1B(24)(e)(2). The CNO may approve an SSB request on his own authority "where [he] can clearly determine an officer was denied consideration by a regular promotion selection board because of an administrative error." Id. 1420.1B(24)(n)(4). If there is reasonable doubt, or if the CNO concludes that a recommendation of disapproval is warranted, the Secretary must make the final decision. Id.

**D.     The Three-Year Time Limit**

At the time the 2001 amendments to 10 U.S.C. § 628 were enacted, Navy regulations already set forth certain requirements for convening an SSB. See SECNAVINST 1401.1B (in

6

effect between April 25, 1997 and March 28, 2006) (attached hereto as Exhibit C).  On June 9,

2003, in response to the 2001 amendment of 10 U.S.C. § 628, the Secretary issued an ALNAV

message, amending SECNAVINST 1401.1B, the regulation then in effect, by setting forth a

three-year time limit for SSB applications.  ALNAV 050/03 (Jun. 9, 2003) (attached hereto as

Exhibit D).[1]  On March 28, 2006, SECNAVINST 1401.1B was replaced by SECNAVINST

1420.1B, which, in addition to providing more specific direction on the SSB process, retained the

three-year time limit on SSB requests that had first been imposed through the ALNAV message.

The provision currently in effect states as follows:

> All applications for [SSBs] must be received no later than three years after the
> date the contested board results were made public.  Applications received more
> than three years after the date the contested board results were made public will be
> treated as untimely and will be denied by the [CNO] . . . . This authority may be
> delegated.

Id. 1420.1B(5)(f).

**E.    Judicial Review**

Judicial review in connection with the Secretary's decision to convene or not to convene

an SSB is governed by 10 U.S.C. § 628(g) and (h).  Section 628(h) sets forth a jurisdictional

limitation, stating that no court may consider a claim "based to any extent on the failure of a

person to be selected for promotion by a promotion board" unless "the person has first been

referred by the Secretary concerned to a[n] [SSB] convened under this section and acted upon by

that board and the report of the board has been approved by the President."  10 U.S.C. §

628(h)(1).  In other words, judicial review of an officer's claim challenging his failure to be

---

[1]Navy administrative messages are available at http://www.npc.navy.mil/
ReferenceLibrary/Messages.  ALNAV messages are directed to all Navy units as well as the
Marine Corps.

selected for promotion is barred unless the Secretary has determined that an SSB is warranted, and the SSB has been convened and its report approved.

Where the Secretary has decided not to convene an SSB, judicial review is limited to the question of whether the Secretary's decision is

> (i) arbitrary or capricious;
> (ii) not based on substantial evidence;
> (iii) a result of material error of fact or material administrative error; or
> (iv) otherwise contrary to law.

Id. § 628(g)(1)(A). "If a court sets aside a determination by the Secretary . . . not to convene a[n] [SSB] under this section, it shall remand the case to the Secretary . . . , who shall provide for consideration by such a board." Id. § 628(g)(1)(B).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a white male who retired from the Navy at the rank of lieutenant commander on October 1, 1998. Compl. ¶¶ 5-6. Plaintiff retired after being considered for promotion to the rank of commander by the promotion selection boards for fiscal year ("FY") 1997, 1998, and 1999, and each time failing to be selected for promotion. Id. ¶ 7.

On January 25, 2007, plaintiff submitted an application to the BCNR contending that the equal opportunity instructions in the precepts that governed the FY 1997, 1998, and 1999 promotion boards gave an unconstitutional preference to racial minorities and females. Id. ¶ 10. Plaintiff asked the BCNR to convene an SSB, to be governed by a precept omitting the allegedly unconstitutional equal opportunity instructions, that would consider him anew for promotion to commander for FY 1997, and, if that SSB failed to recommend him for promotion, that he receive an SSB for FY 1998, and likewise in regard to FY 1999. Id.

8

In response to plaintiff's application, the BCNR sought an advisory opinion from the

Navy's JAG Office ("OJAG").  Id. ¶ 11.  OJAG concluded, in an opinion dated April 27, 2007,

that plaintiff's application must be rejected because it was untimely.  Id. ¶ 12; see OJAG op. at

5.[2]  Two different time limitations were at issue.  The OJAG opinion pointed to the three-year

statute of limitations set forth in 10 U.S.C. § 1552 for submission of an application for correction

of a military record but noted that, under the language of § 1552, the statute of limitations could

be waived "in the interest of justice."  Compl. ¶ 13; see 10 U.S.C. § 1552(b).  The opinion also

pointed to the three-year time limit set forth in SECNAVINST 1420.1B for requesting an SSB.

Compl. ¶ 13.  A copy of the OJAG opinion was sent to plaintiff, who then submitted, through

counsel, a rebuttal and request that the three-year time limit be waived, contending that the Navy

would be able to convene an SSB because it still possessed the relevant records.  See  BCNR

Decision at 3-4.[3]

The BCNR denied plaintiff's application on November 14, 2007.  In its Decision, the

---

[2]The OJAG opinion is attached hereto as Exhibit E.  Because the Complaint references the opinion in paragraphs 11-13 and 20, and the opinion's content is essential to plaintiff's claims, the Court may deem the opinion incorporated into plaintiff's Complaint and consider the opinion without converting defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment.  See Marcelus v. Corr. Corps of Am./Corr. Treatment Facility, No. 07-0721, 2008 WL 839746, at *1 n.5 (D.D.C. Mar. 31, 2008) (recognizing an EEOC charge and a collective bargaining agreement as incorporated into a plaintiff's complaint where the complaint referenced the charge and agreement); Vila v. Inter-Am. Inv., Corp., 536 F. Supp. 2d 41, 46 n.5 (D.D.C. 2008) (citing authorities); Langer v. George Washington Univ., 498 F. Supp. 2d 196, 202 n. 1 (D.D.C. 2007) (declining to convert a 12(b)(6) motion in order to consider a "letter [that] was referred to and quoted from in the complaint and [was] central to the plaintiff's claim").

[3]The memorandum setting forth the BCNR's findings, conclusions, and recommendation ("BCNR Decision") also qualifies as incorporated into plaintiff's Complaint, see Compl. ¶¶ 14-20, 25, 27, 29, 31; supra note 3, and is attached hereto as Exhibit F.

BCNR indicated that it was in the interest of justice to waive the statute of limitations set forth in

10 U.S.C. § 1552(b).  BCNR Decision at 2.  However, the BCNR concluded that it would not be

appropriate to waive the regulatory time limit for SSB requests set forth in SECNAVINST

1420.1B.  BCNR Decision at 4.  The BCNR quoted the language in SECNAVINST 1420.1B

which set forth the three-year time limit and further noted that this time limit had originally been

put into effect through the ALNAV message issued on June 9, 2003, which had amended

SECNAVINST 1401.1B, the predecessor of SECNAVINST 1420.1B.  BNCR Decision at 3.

The BCNR then summarized the arguments presented by plaintiff's counsel in his

rebuttal to the OJAG opinion.  In response to a suggestion in the rebuttal that in other instances,

an SSB had been granted more than three years after the original selection board decision, the

BCNR noted that the requests in those instances had been submitted before the three-year time

limit was put in effect through the June 9, 2003, ALNAV message.  BCNR Decision at 3-4.  The

BCNR concluded that it "substantially concur[red] with the advisory opinion from OJAG" and

that it "d[id] not consider waiving the three-year limitation appropriate, particularly in light of"

information contained in a June 19, 2007, e-mail from Navy Personnel Command indicating that

"they did have records for use in conducting SSB's for the promotion boards in question, but that

they are all paper records, so conducting an SSB for any of those boards would be an entirely

manual process."  BCNR Decision at 4.  The BCNR thus recommended that plaintiff's request

for an SSB be denied.  Id. at 5.  The BCNR's recommendation was approved by the Secretary

through the Assistant General Counsel (Manpower and Reserve Affairs).  Id.; Compl. ¶ 15.

Plaintiff was notified of the Secretary's decision not to convene an SSB by letter dated

December 5, 2007.  Compl. ¶ 15.  He filed his Complaint in this Court on February 25, 2008.

10

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), the court must dismiss any claim over which it lacks subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, the law presumes that any claim lies outside this limited jurisdiction, and "the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." Role Models America, Inc. v. Harvey, 459 F. Supp. 2d 28, 33-34 (D.D.C. 2006). The factual allegations in a plaintiff's complaint "will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim," and material other than these allegations may be considered in determining whether subject matter jurisdiction exists, "so long as [the court] still accepts the factual allegations in the complaint as true." Isenbarger v. Farmer, 463 F. Supp. 2d 13, 18 (D.D.C. 2006).

Under Fed. R. Civ. P. 12(b)(6), the court's decision whether to dismiss for failure to state a claim upon which relief may be granted is based on "the legal sufficiency of the complaint." Shirk v. Garrow, 505 F. Supp. 2d 169, 171 (D.D.C. 2007). While the complaint need not provide "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The alleged facts must "state a claim for relief that is plausible on its face" rather than merely "conceivable." Id. at 1974.

In determining whether dismissal is warranted for failure to state a claim, a court may consider "'the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which [the court] may take judicial notice.'" Howard v. Gutierrez, 474 F. Supp.

2d 41, 47-48 (D.D.C. 2007) (quoting <u>Stewart v. Nat'l Educ. Ass'n</u>, 471 F.3d 169, 173 (D.C. Cir.

2006)).  "[T]he court must treat the complaint's factual allegations . . . as true and draw all

reasonable inferences therefrom in the plaintiff's favor," but "the court need not accept as true

inferences unsupported by facts set out in the complaint or legal conclusions cast as factual

allegations."  <u>Shirk</u>, 505 F. Supp. 2d at 172.

**<u>ARGUMENT</u>**

**I.    THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S APA CLAIMS**

Plaintiff attempts to bring identical challenges under the APA, 5 U.S.C. § 706, and under

10 U.S.C. § 628(g)(1).  <u>See</u> Compl. ¶¶ 25, 29 (alleging, in turn, that the BCNR's decision should

be overturned under the APA and under 10 U.S.C. § 628(g)(1) because the BCNR improperly

considered ex parte communications); <u>id.</u> ¶¶ 27, 31 (alleging, in turn, that the BCNR's decision

should be overturned under the APA and under 10 U.S.C. § 628(g)(1) because the BCNR failed

to consider and respond to his arguments regarding the three-year time limit).  Neither the APA

nor 10 U.S.C. § 628 allow parallel challenges of this kind.

**A.    Under 10 U.S.C. § 628, All Challenges Related To An Officer's Failure To Be Selected For Promotion Must Be Channeled Through The SSB Process And Must Be Brought Pursuant To The Limited Causes Of Action Set Forth In 10 U.S.C. § 628**

First, as explained above, 10 U.S.C. § 628 imposes an express jurisdictional limitation on

challenges that are "based <u>to any extent</u> on the failure of a person to be selected for promotion by

a promotion board," limiting judicial review to circumstances where an SSB has been convened.

10 U.S.C. § 628(h) (emphasis added).  Through this language, Congress sought to  provide one

and only one avenue for military servicemembers to challenge in court their failure to be selected

12

for promotion, channeling all such claims through the administrative SSB process.[4] If a claimant

is granted an SSB, and the SSB does not provide relief, the claimant may then bring a challenge

in court pursuant to 10 U.S.C. § 628(g)(2) (setting forth a cause of action to challenge SSB

decisions). See Homer v. Roche, 226 F. Supp. 2d 222, 225 (D.D.C. 2002) (recognizing that

judicial review of SSB decisions is governed by § 628(g)(2)).

If – as here – a claimant is not granted an SSB, the claimant may challenge that decision

in court pursuant to 10 U.S.C. § 628(g)(1). Cf. Miller v. Dep't of Navy, 476 F.3d 936, 938 (D.C.

Cir. 2007) (recognizing that plaintiff's challenge to the Navy's decision not to convene an SSB

was brought pursuant to § 628(g)(1)); see also Miller v. Dep't of Navy, 383 F. Supp. 2d 5, 10-11

& nn. 4 & 5 (D.D.C. 2005) (same), rev'd on other grounds by Miller, 476 F.3d 936. In that

situation, the court's review is limited to determining whether the decision not to grant an SSB

was arbitrary or capricious, not based on substantial evidence, a result of material error of fact or

material administrative error, or otherwise contrary to law. 10 U.S.C. § 628(g)(1)(A); see

Homer, 226 F. Supp. 2d at 225 (recognizing that this standard of review is similar to that under

the APA).

There can be no serious question that plaintiff's claim before this Court is "based to an[]

extent" on his failure to be selected for promotion, and that, as a result, the channeling

requirement of 10 U.S.C. § 628(h) applies and provides the exclusive means through which

---

[4]Congress has imposed similar channeling requirements in other contexts. For example, all claims arising under the Medicare Act are required to be channeled through the administrative claim process provided by the Department of Health and Human Services. Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 12 (2000). If a claimant fails to obtain relief through the administrative process, he may then bring a claim in court under the judicial review provisions in the Medicare Act, 42 U.S.C. § 405(g), not under the APA. Heckler v. Ringer, 466 U.S. 602, 617 (1984).

13

plaintiff can obtain judicial review.  Although plaintiff fashioned his administrative claim as a

BCNR application for correction of his military record, he made no request for correction of his

military record except insofar as correction of his record might follow if his request for an SSB

ultimately led to his retroactive promotion.  Cf. Compl. ¶ 10 (indicating that plaintiff's BCNR

application requested an SSB).  This case is therefore distinct from the situation in Mueller v.

England, 404 F. Supp. 2d 51 (D.D.C. 2005), where a Naval officer applied to the BCNR for

correction of his military record based on an allegedly defective fitness report, and argued that if

his record were corrected by removing this report, he would then be entitled to an SSB.  See id. at

55 & n.3.  The court upheld the BCNR's decision under the APA and then denied the plaintiff's

challenge to the decision not to convene an SSB, which he had brought pursuant to 10 U.S.C. §

628(g)(1), as moot.  Id.

Here, in contrast, the BCNR would have no basis for correcting plaintiff's record unless

and until he were retroactively promoted by an SSB.  In other words, rather than arguing that an

inaccurate record caused the promotion selection board not to give him proper consideration,

plaintiff challenges the promotion selection board process itself and argues that that process may

have affected his record.  Plaintiff's APA claims are therefore barred under 10 U.S.C. § 628.

**B.**    **The APA Bars Review Of Plaintiff's Claims Under Its Provisions Because 10 U.S.C. § 628 Provides Plaintiff With An Adequate And Exclusive Remedy**

The same conclusion is required by the limitations on judicial review set forth in the

APA.  The APA generally waives sovereign immunity and at the same time provides a cause of

action for claims seeking nonmonetary relief from final agency action.  Trudeau v. Fed. Trade

Comm'n, 456 F.3d 178, 185-86 (D.C. Cir. 2006).  However, the APA provides neither a

14

sovereign immunity waiver nor a cause of action if plaintiff already has an "adequate remedy . . .

available elsewhere." Transohio Savings Bank v. OTS, 967 F.2d 598, 607 (D.C. Cir. 1993)

(citing 5 U.S.C. § 704); see Trudeau, 456 F. 3d at 185 & n.9.  The Supreme Court has explained

that "Congress did not intend the general grant of review in the APA to duplicate existing

procedures for review of agency action," and that the APA "does not provide additional judicial

remedies in situations where the Congress has provided special and adequate review procedures."

Bowen v. Massachusets, 487 U.S. 879, 903 (1988) (internal quotation omitted).  Furthermore, the

APA's sovereign immunity waiver does not apply where another statute sets forth an exclusive

mechanism for judicial review of particular claims.  See 5 U.S.C. § 702 ("Nothing herein . . .

confers authority to grant relief if any other statute that grants consent to suit expressly or

impliedly forbids the relief which is sought."); Fornaro v. James, 416 F.3d 63, 66 (D.C. Cir.

2005) (explaining that where a more specific statute's remedial scheme is exclusive, it "may not

be supplemented" by additional review under the APA).

    Here, as explained above, in 10 U.S.C. § 628, Congress set forth a specific mechanism

through which claimants may challenge their failure to be selected by a military promotion

selection board, by channeling their claims through the administrative process for requesting an

SSB, and Congress has limited judicial review in this context either to the decision not to

convene an SSB or to the question of whether the SSB's decision should be set aside.  See 10

U.S.C. § 628(g), (h).  Because the remedies available through that process are exclusive and

adequate, plaintiff is limited to his claims under 10 U.S.C. § 628 and cannot bring the duplicative

claims under the APA that he asserts in Counts One and Two of his Complaint.[5]  Those counts

should be dismissed for lack of subject matter jurisdiction.

## II.     PLAINTIFF FAILS TO STATE A CLAIM UNDER 10 U.S.C. § 628

The third and fourth Counts of plaintiff's Complaint both attempt to assert a cause of

action under 10 U.S.C. § 628(g)(1) by seeking to challenge the Secretary's decision not to

convene an SSB on various grounds.  Neither Count contests the BCNR's conclusion that the

three-year time limit in SECNAVINST 1420.1B(5)(f) was exceeded in plaintiff's case.  Rather,

Counts Three and Four allege procedural defects in the BCNR proceedings.  Neither Count states

a claim upon which relief may be granted.

### A.     Plaintiff Cannot State A Claim On The Basis That The BCNR Improperly
### Considered Ex Parte Communications

Plaintiff first asks this Court to set aside the Secretary's decision not to convene an SSB

on the basis that the BCNR proceedings were conducted in violation of 10 U.S.C. § 1556.

Section 1556 requires the Secretary to "ensure that an applicant seeking corrective action by . . .

the [BCNR] . . . is provided a copy of all correspondence and communications . . . to or from the

. . . [BNCR], or a member of the staff of the . . . [BCNR], with an entity or person outside the . . .

[BCNR] that pertain directly to the applicant's case or have a material effect on the applicant's

case."  10 U.S.C. § 1556(a).  The statute sets forth a number of exceptions to this requirement,

including an exception for "[a]ny correspondence that is purely administrative in nature."  Id. §

---

[5]If the Court disagrees and holds that plaintiff's APA claims are not barred for the reasons
discussed above, plaintiff would nevertheless fail to state a claim under the APA for the reasons
explained below in connection with plaintiff's claims under 10 U.S.C. § 628.  As previously
noted, the substance of plaintiff's APA and § 628 claims is identical, and the standards of review
for APA and § 628 claims are also substantially similar.  Homer, 226 F. Supp. 2d at 225.

1556(b)(4).

Plaintiff evidently rests his argument regarding ex parte communications on the assertions in his Complaint that he "was neither provided a copy nor given notice" of (1) the "email dated June 18, 2007," which, as described above, indicated that the Navy had records that could be used in an SSB but that they were paper records, and (2) the "message dated June 9, 2003," also described above, which "purport[ed] to amend SECNAVINST 1420.1B" by requiring denial of all requests for SSBs that are submitted more than three years after the relevant promotion selection board proceedings. See Compl. ¶¶ 18-19; BCNR Decision at 3, 4. Neither of these items constitutes an ex parte communication that was required to be provided to plaintiff before the BCNR issued its recommendation to the Secretary.

### 1. June 18, 2007, E-Mail From Navy Personnel Command

The June 18, 2007, e-mail that plaintiff references fits within the exception set forth in 10 U.S.C. § 1556 for administrative communications. The BCNR decision describes this e-mail as "a Navy Personnel Command e-mail stating that they did have records for use in conducting SSB's for the promotion boards in question, but that they are all paper records, so conducting an SSB for any of those boards would be an entirely manual process." BCNR Decision at 4. The BCNR attached this e-mail to its decision as Enclosure 6. Id. While the BCNR decision referenced the e-mail in its conclusion, id., the references provides no basis to conclude that the BCNR relied on the information contained in the e-mail in connection with the merits of plaintiff's claim. The e-mail has no relevance to the question of whether the equal opportunity instructions in the governing precepts of plaintiff's prior promotion selection boards rendered those proceedings materially unfair – a question that the BCNR did not reach. Nor does the e-

17

mail have any bearing on the BCNR's conclusion that plaintiff's SSB request was not submitted,

as required by SECNAVINST 1420.1B(5)(f), within three years of the promotion board decisions

that he sought to challenge – the ground on which plaintiff's SSB request was denied.  Rather,

the BCNR mentioned the e-mail when it concluded that it "d[id] not consider waiving" the three-

year time limit in SECNAVINST 1420.1B to be "appropriate."  <u>See</u> BCNR Decision at 4.

Because there are no set standards governing whether or when a waiver would ever be

appropriate, it is questionable whether the information in the email had an effect on plaintiff's

case at all.[6]

     In any event, however, administrative communications are exempt from the requirements

of 10 U.S.C. § 1556 even if they do "pertain directly to the applicant's case or have a material

---

[6]The BCNR here was responding to plaintiff's contention that a waiver would be appropriate because the Navy had the relevant records in its possession.  The BCNR's response on this point goes beyond what was required.  Indeed, plaintiff does not seek to challenge the BCNR's statement that the time limit should not be waived, nor could he.  The three-year time limit in SECNAVINST 1420.1B stands in contrast to the statute of limitations for BCNR applications set forth in 10 U.S.C. § 1552, which Congress provided could be waived "in the interests of justice."  The D.C. Circuit has held that correction board decisions regarding whether the three-year statute of limitations in 10 U.S.C. § 1552 should be waived were subject to APA review because the "in the interest of justice" language provided a judicially manageable standard that a court could apply.  <u>Dickson v. Sec'y of Defense</u>, 68 F.3d 1396, 1403 (D.C. Cir. 1995).  Unlike § 1552, neither 10 U.S.C. § 628 nor SECNAVINST 1420.1B contains any provision indicating that a time limit set by the Secretary for SSB requests can or should be waived, nor do they contain any standard indicating under what circumstance a waiver may or may not be appropriate.  Thus, to the extent a waiver may be granted at all, its availability is a matter committed to agency discretion.  <u>Cf.</u> <u>Steenholdt v. FAA</u>, 314 F.3d 633, 638 (D.C. Cir. 2003) ("If no 'judicially manageable standard' exists by which to judge the agency's action, meaningful judicial review is impossible and the courts are without jurisdiction to review that action.").  Moreover, SECNAVINST 1420.1B provides that the CNO has the authority to deny SSB requests based on their untimeliness, and that this authority may be delegated. SECNAVINST 1420.1B(5)(f).  If the Court were to reach the merits of plaintiff's claims, therefore, the BCNR's determination that plaintiff's request should be denied because it was untimely could be upheld without considering the question of waiver.

effect on the applicant's case."[7]  10 U.S.C. § 1556(a), (b)(4).  The June 18, 2007, e-mail

communication constituted an administrative transmittal to the BCNR of factual information

from those responsible for maintaining Navy personnel records in regard to what would be

involved, in practical terms, if an SSB were actually convened.  This communication stands in

contrast to the OJAG opinion, which did not merely transmit facts but provided an analysis of

plaintiff's claims, and to which plaintiff was given an opportunity to respond before the BCNR

issued its decision.  Plaintiff does not suggest, nor can it reasonably be imagined, that plaintiff

could have had any basis for disputing the e-mail's statements regarding what records are

currently in the Navy's possession, and in what format these records are kept.  The e-mail

therefore is properly considered a purely administrative communication.  Plaintiff thus fails to

state a claim that 10 U.S.C. § 1556 was violated with respect to this e-mail, or that the denial of

his SSB request must be set aside on that basis.

### 2.    June 3, 2003, ALNAV Message

The second item that plaintiff suggests should have been provided to him under 10 U.S.C.

§ 1556 does not constitute a "communication" to the BCNR at all.  This item is an administrative

ALNAV message that was issued on June 3, 2003 – over three years before plaintiff filed his

application with the BCNR – and that, since the time it was issued, has been publicly available

on the Navy website.  See ex. D; supra note 1.  This message cannot conceivably be regarded as

an "ex parte communication" to the BCNR, just as statutes and regulations do not constitute ex

---

[7]If a communication does not pertain directly to an applicant's case or have a material
effect on an applicant's case, it does not qualify as an ex parte communication as defined by 10
U.S.C. § 1556(a), so there would be no need to consider whether an exception to the disclosure
requirement applies.

parte communications to those who interpret and apply them. Indeed, this message served to amend the Navy regulation that governed SSB requests at the time, SECNAVINST 1401.1B. Moreover, even if the ALNAV message could be construed as a communication, it would also fall into the statutory exception for administrative communications. Thus, no violation of 10 U.S.C. § 1556 could have occurred with respect to this message. Plaintiff again fails to state a claim that the denial of his SSB request must be set aside based on alleged § 1556 violations.

### B.    Plaintiff Cannot State A Claim Based On His Allegation That The BCNR Failed To Respond To His Argument That The Three-Year Time Limit Cannot Be Applied Until A Reasonable Time After Its Promulgation

Plaintiff asserts in Count Four that the Secretary's decision not to convene an SSB should be overturned because the BCNR decision allegedly "failed to acknowledge and comment on plaintiff's argument that he must be allowed a reasonable time to seek an SSB before a newly created statute of limitations bars redress after the cause of action has accrued." Compl. ¶ 31. He asserts that this alleged failure warrants setting aside the Secretary's decision because it demonstrates that the BCNR did not "examine the relevant data and articulate a satisfactory explanation for its action." Compl. ¶ 31.

Plaintiff's assertion fails to state a claim upon which relief can be granted. As described above, the BCNR decision, together with the OJAG opinion on which it relied, and to which plaintiff's counsel submitted a response which the BCNR also considered, provided an adequate explanation for its decision. The D.C. Circuit has explained that a military correction board's decision, like administrative decisions in general, "'[need not] be a model of analytic precision to survive a challenge. A reviewing court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.""" Frizelle v. Slater, 111 F.3d 172, 176 (D.C. Cir.

20

1997) (quoting <u>Dickson</u>, 68 F.3d at 1404 (citing <u>Bowman Transp., Inc. v. Ark.-Best Freight Sys.</u>, 419 U.S. 281, 286 (1974))).  "All that is required is that the Board's decision 'minimally contain "a rational connection between the facts found and the choice made."'" <u>Id.</u> (quoting <u>Dickson</u>, 68 F.3d at 1404 (quoting <u>Motor Vehicle Mfrs. v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 29, 43 (1983))).

That requirement is met here.  As the OJAG opinion noted, Congress expressly authorized the Secretary to prescribe, at his discretion, a time limit within which an application for an SSB must be filed.  OJAG op. at 4 (citing 10 U.S.C. § 628(j)(2)(B)).  The OJAG opinion further noted that the Secretary did prescribe a three-year time limit.  <u>Id.</u> (citing SECNAVINST 1420.1B(5)(f)).  The Navy instruction in which the time limit appears states that "[a]pplications received more than three years after the date the contested board results were made public <u>will</u> be treated as untimely and <u>will</u> be denied."  SECNAVINST 1420.1B(5)(f) (emphasis added).  Based on that instruction, the OJAG opinion concluded that plaintiff's SSB request should be denied as untimely.  OJAG op. at 5.  The BCNR decision "substantially concur[red] with the advisory opinion from OJAG."  BCNR decision at 4.  These documents provide a clear basis to conclude that the decision not to convene an SSB resulted from the facts that plaintiff's request was filed ten years after the initial selection board decision was issued, Congress had authorized the Secretary to impose a time limit on such requests, the Secretary had done so, and plaintiff's request fell outside the time limit.  There can be no claim here that the BCNR failed to draw a rational connection between the facts and its decision.

Plaintiff alleges that the BCNR failed to respond to his argument that because the three-year time limit in SECNAVINST 1420.1B was "first published on March 28, 2006," the BCNR

"must allow a reasonable time for the commencement of suits based upon existing causes of action." Compl. ¶ 20; see id. ¶ 31. However, the BCNR's response to plaintiff's assertion on this point was more than adequate. The OJAG opinion first responded to this argument by stating that because plaintiff's application was filed after March 28, 2006, it was governed by the requirements set forth in that instruction. OJAG op. at 5 ("The time limit in effect when [plaintiff] filed his BCNR petition was, and is, three years."). The OJAG opinion further noted that plaintiff's request was submitted ten years after he first failed to be selected for promotion, and reasoned that "the Navy cannot, and should not, grant SSBs in perpetuity." Id. The BCNR decision added to this response by pointing out that, in fact, the three-year time limit was first imposed in 2003, through the ALNAV message amending SECNAVINST 1401.1B. BCNR Decision at 3.

Plaintiff apparently sought through this argument to invoke the principle that "newly-enacted 'statutes of limitations must allow a reasonable time after they take effect for the commencement of suits upon existing causes of action.'" Rogers v. United States, 180 F.3d 349, 354 (1st Cir. 1999) (quoting Block v. North Dakota, 461 U.S. 273, 286 n. 23 (1983)). However, the three-year time limit at issue here is not a statute of limitations at all; rather, it is part of a Navy instruction that sets forth the procedures related to requesting and convening SSBs. In that sense, as the OJAG opinion suggested, the BCNR did not apply the time limit retroactively; rather, it applied the time limit, along with all other aspects of SECNAVINST 1420.1B, because that was the instruction in effect at the time plaintiff filed his request. Cf. OJAG op. at 5.

To the extent the BCNR's application of the time limit to plaintiff's request is viewed as retroactive, the 2001 amendments to 10 U.S.C. § 628, which included Congress' express

authorization of the Secretary to impose a time limit on SSB requests, indicate that Congress intended the amendments to apply retroactively.  See Pub. L. 107-107, § 503(c) (providing that the 2001 amendments to 10 U.S.C. § 628 "shall apply with respect to any proceeding pending on or after [December 28, 2001] without regard to whether a challenge to an action of a selection board . . . being considered in the proceeding was initiated before, on, or after that date").  The Supreme Court has acknowledged that statutes and regulations may have retroactive effect if "'their language requires this result.'"  Landgraf v. USI Film Prods., 511 U.S. 244, 271 (1994) (quoting Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988)).  The "grace periods" required by the courts in Rogers and Block were judicially imposed in order to avoid unconstitutionally depriving a claimant of a vested right.  See Rogers, 180 F.3d at 354.  While this principle has been applied in connection with causes of action before a court that have accrued prior to a legislative establishment of a new statute of limitations, defendant is unaware of any circumstance where a grace period has been judicially imposed on a time limit, set by regulation, on requests for an administrative procedure.

Even assuming that the principle set forth in Rogers and Block applies, plaintiff here had a reasonable period of time after the time limit was imposed to file his request.  Courts have recognized that a reasonable period in this context is "the shorter of: (1) the original limitation period, commencing at the time the action accrued, or (2) the new, shortened limitation period, commencing from the date the statute became effective."  Rogers, 180 F.3d at 354.  In other words, a reasonable time in this case would be three years from the date the time limit went into effect.  As the BCNR indicated in its decision, the time limit here – as initially established by the ALNAV message – went into effect in June 2003, but plaintiff did not file his request until

23

January 2007.  Thus, more than the three-year period that would be deemed a reasonable "grace

period" had already elapsed between the date the time limit went into effect and the date plaintiff

submitted his request.  In sum, plaintiff cannot state a claim that the denial of his SSB request

was arbitrary, capricious, or contrary to law based on the BCNR's alleged failure to consider

plaintiff's argument on this point more closely than it did.[8]


## **CONCLUSION**

For the foregoing reasons, this action should be dismissed in its entirety.

Dated: May 5, 2008                              Respectfully submitted,

                                                GREGORY G. KATSAS
                                                Acting Assistant Attorney General
                                                JEFFREY A. TAYLOR
                                                United States Attorney
                                                VINCENT M. GARVEY
                                                Deputy Branch Director

                                                /s/ Kathryn L. Wyer
                                                KATHRYN L. WYER
                                                U.S. Department of Justice, Civil Division
                                                20 Massachusetts Ave. NW, Room 7218

---

[8]Prior to the 2001 amendments, which, as described above, also placed limitations on judicial review of challenges to promotion selection board decisions, plaintiff could have filed a claim in court directly challenging the equal opportunity instructions in the precepts governing his promotion board.  The statute of limitations applicable to such a claim is the six-year limitations period set by 28 U.S.C. § 2401(a).  Since the last of plaintiff's promotion boards took place in 1999, that six-year period had expired by the time plaintiff submitted his SSB request in 2007.  From any standpoint, plaintiff had a reasonable time within which to raise his claim, but he did not do so.  Plaintiffs have no perpetual right to bring claims, even those raising allegations of unconstitutional deprivation.  See Daniels v. United States, 532 U.S. 374, 381 (2001) ("Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, [may] operate to limit access to review on the merits of a constitutional claim.").

Washington, D.C.  20001
Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov
*Attorneys for Federal Defendant*



Department of Defense

# DIRECTIVE

NUMBER 1320.11

May 6, 1996

USD(P&R)

SUBJECT:  Special Selection Boards

References:  (a)  DoD Directive 1320.11, subject as above, October 22, 1985 (hereby
              canceled)
         (b)  Title 10, United States Code

## 1.  REISSUANCE AND PURPOSE

This Directive:

1.1.  Reissues reference (a).

1.2.  Continues to implement Section 628 of reference (b) to update policy on the use of Special Selection Boards for commissioned officers on the Active Duty List and chief warrant officers and commissioned warrant officers on the warrant officer Active Duty List.

1.3.  Implements Reserve component policies and responsibilities regarding the use of Special Selection Boards for commissioned officers of the Reserve Active Status List under Section 14502 of reference (b).

## 2.  APPLICABILITY AND SCOPE

This Directive applies to:

2.1.  The Office of the Secretary of Defense, the Military Departments, and the Chairman of the Joint Chiefs of Staff.

*DODD 1320.11, May 6, 1996*

2.2.  The commissioned officers on the Active Duty List and warrant officers and commissioned warrant officers on the Warrant Officer Active Duty List.   It covers commissioned officers on the Reserve Active Status List.

3.  <u>DEFINITIONS</u>

Terms used in this Directive are defined in enclosure 1.

4.  <u>POLICY</u>

It is DoD policy that:

4.1.  Each Military Department shall use a Special Selection Board for the reasons listed in Section 628(a) or 14502(a) of 10 U.S.C. (reference (b)); that is, the officer who was eligible for promotion and was not considered for selection for promotion.

4.2.  Each Military Department is encouraged, although not required, to use a Special Selection Board for the reasons listed in Section 628(b) or 14502(b) of reference (b); that is, if the decision of the original board that considered the officer was contrary to law or involved factual or administrative error, or if the board lacked some material information for consideration.

4.3.  A Special Selection Board shall not, under Section 628(b) or 14502(b) of reference (b), consider any officer who might, by maintaining reasonably careful records, have discovered and taken steps to correct that error or omission on which the original board based its decision against promotion.

4.4.  Barring extenuating circumstances, such as a heavy caseload, a Special Selection Board shall be convened and the results made known to the officer concerned, within 180 days of the finding of the Secretary of the Military Department concerned, that an error warranted consideration by a Special Selection Board.

4.5.  Special Selection Boards convened under Sections 628 or 14502 of reference (b) shall be composed in accordance with Sections 573, 612, or 14102 of reference (b), as appropriate, and regulations prescribed by the Secretary of the Military Department concerned.

4.6.  The record of an officer being considered by a Special Selection Board shall be compared with a sampling of records of those officers of the same competitive

category who were, and those who were not, recommended for promotion by the original board.

   4.7.  Statistical data about the number of officers considered for promotion by the Special Selection Boards, the number selected and nonselected to each grade, and the basis for consideration under Section 628 or 14502 of reference (b) shall be retained by each Military Department for 3 years.

   4.8.  Although Sections 628 or 14502 of reference (b) specifically authorize Special Selection Boards for promotion purposes only, reference (b) does not preclude the Secretary of the Military Department concerned from convening a board under an authority other than reference (b) to consider officers for other selection processes, such as Regular appointment or continuation on active duty or in an active status, for reasons similar to those in reference (b).  Such boards may not be convened for recommending an officer for early retirement or removal if the decision of the board may conflict with the limitations of Section 638, 638a, 14704, or 14705 of reference (b).

## 5.  RESPONSIBILITIES

   5.1.  The Under Secretary of Defense or Personnel and Readiness shall exercise cognizance and oversight of policies for special selection boards.

   5.2.  The Secretaries of the Military Departments shall:

       5.2.1.  Administer the policies in section 4., above.

       5.2.2.  Recommend policy changes to this Directive to the Under Secretary of Defense for Personnel and Readiness.

*DODD 1320.11, May 6, 1996*

6. <u>EFFECTIVE DATE</u>

This Directive is effective immediately for officers on the Active Duty List and on the warrant officer Active Duty list, and on October 1, 1996, for officers on the Reserve Active Status List.



John P. White
Deputy Secretary of Defense

Enclosures - 1
    E1.  Definitions

*DODD 1320.11, May 6, 1996*

E1.  ENCLOSURE 1

DEFINITIONS

E1.1.1.  Active Duty List.  A single list for the Army, the Navy, the Air Force, or the Marine Corps that is required to be maintained under Section 620 of 10 U.S.C. (reference (b)) and that contains the names of all officers of that Military Service other than officers described in Section 641 of reference (b) who are serving on active duty.

E1.1.2.  Commissioned Officer.  An officer in any of the Military Services in the Department of Defense who holds a grade and an office under a commission signed by the President, and who is appointed as a Regular or a Reserve officer.  It does not include a commissioned warrant officer or a retired commissioned officer.

E1.1.3.  Reserve Active Status List.  A single list for the Army, the Navy, the Air Force, or the Marine Corps, required to be maintained under Section 14002 of reference (b), which contains the names of all officers of that Armed Force, except warrant officers (including commissioned warrant officers), who are in an active status in a Reserve component of the Army, the Navy, the Air Force, or the Marine Corps and are not on an Active Duty List.

E1.1.4.  Special Selection Board.  A panel of officers convened under Section 628 or 14502 of reference (b) to evaluate and recommend commissioned officers on the Active Duty List or the Reserve Active Status List and warrant officers on the warrant officer Active Duty List for promotion consideration because the officer was not considered due to administrative error, or following a determination that the action of a board that considered and did not select the officer was contrary to law or involved material error of fact or material administrative error, or if the board did not have before it for its consideration material information.  Special Selection Boards make select and nonselect recommendations, as distinguished from providing advisory opinions as to whether an officer would have been selected had an officer been properly considered by the original board.

E1.1.5.  Warrant Officer.  A person who holds a commission or a warrant in a warrant officer grade.

E1.1.6.  Warrant Officer Active Duty List.  A single list for each Service concerned that is required to be maintained under Section 574 of reference (b) and that contains the names of all warrant officers of that Military Service (other than warrant officers described in Section 582 of reference (b)) who are serving on active duty.



**DEPARTMENT OF THE NAVY**
OFFICE OF THE SECRETARY
1000 NAVY PENTAGON
WASHINGTON DC 20350-1000

SECNAVINST 1420.1B
N132F/PERS-48
March 28, 2006

SECNAV INSTRUCTION 1420.1B

From:  Secretary of the Navy

Subj:  PROMOTION, SPECIAL SELECTION, SELECTIVE EARLY
       RETIREMENT, AND SELECTIVE EARLY REMOVAL BOARDS FOR
       COMMISSIONED OFFICERS OF THE NAVY AND MARINE CORPS

Ref:   (a) Title 10, U.S. Code
       (b) DoD Directive 1320.12 of 27 Sep 05
       (c) DoD Instruction 1320.14 of 24 Sep 96
       (d) OPNAVINST 1427.2 of 15 Aug 05
       (e) SECNAVINST 1400.1 Series
       (f) SECNAVINST 1920.7 Series
       (g) OPNAVINST 1427.1 of 8 Dec 05
       (h) DoD Instruction 1320.13 of 21 Jun 96
       (i) SECNAVINST 1401.3 Series
       (j) NAVPERS 15560D, Navy Military Personnel Manual
           (MILPERSMAN)
       (k) SECNAVINST 1920.6C of 15 Dec 05
       (l) DoD Directive 1320.11 of 27 Sep 05
       (m) DoD Directive 1332.32 of 30 Sep 96
       (n) SECNAVINST 1401.4 Series
       (o) SECNAVINST 1412.8 Series
       (p) SECNAVINST 1412.9 Series
       (q) DoD Instruction 1320.4 of 14 Mar 95

1. Purpose

    a. To revise policy and procedures for permanent promotion
and selective early retirement of commissioned officers O2 and
above, except limited duty officers (LDOs), on the Active Duty
List (ADL) and Reserve Active Status List (RASL) of the Navy and
Marine Corps per references (a), (b), and (c).

    b. To set forth requirements to convene boards to consider
officers for selective early removal from the RASL.

    c. To set forth requirements to convene special selection
boards to consider officers and warrant officers eligible for
promotion in or above the promotion zone, who were either not
considered by a promotion selection board, or who were

SECNAVINST 1420.1B

considered, but due to defects in the board's proceedings did not receive lawful or proper consideration.

d.  This instruction is a complete revision and should be reviewed in its entirety.

2.  <u>Cancellation</u>.  SECNAVINST 1420.1A and SECNAVINST 1401.1B.

3.  <u>Applicability</u>

a.  Promotion selection board and selective early retirement board procedures in this instruction apply to all Navy and Marine Corps commissioned officers, O2 and above (except LDOs) on the ADL and RASL as defined by sections 620, 641, and 14002 of reference (a), and implemented in reference (d).

b.  Selective early removal board procedures in this instruction apply to all Navy and Marine Corps commissioned officers, O2 and above on the RASL as defined by section 14002 of reference (a).

c.  The special selection board provisions of paragraphs 4b, 5c, 5d, 5e, and 24 of this instruction apply to officers including, LDOs and warrant officers on the ADL and RASL in the Navy and Marine Corps and former officers no longer on the ADL and RASL.  Special selection boards for ADL officers are authorized only in cases where the promotion selection board in question convened on or after 15 September 1981, and for RASL officers only in cases where the promotion selection board in question is convened on or after 1 October 1995.

d.  SECNAVINST 1412.6 Series governs promotion of Navy and Marine Corps officers on the ADL to the grade of lieutenant (junior grade) or first lieutenant.

e.  SECNAVINST 1421.4 Series also governs promotion of Navy and Marine Corps officers on the RASL to the grade of lieutenant (junior grade) or first lieutenant.

f.  SECNAVINST 1412.8 Series governs the promotion of LDOs on active duty in the Navy and chief warrant officers on active duty in the Navy.

SECNAVINST 1420.1B

g.  SECNAVINST 1412.9 Series governs the promotion and continuation of LDOs and warrant officers in the Regular Marine Corps and warrant officers in the Marine Corps Reserve.

h.  SECNAVINST 1421.3 Series governs temporary (SPOT) promotion of officers in the Navy to lieutenant commander.

i.  OPNAVISNT 1427.1 governs the assignment of running mates and the establishment of precedence and competitive categories for officers on the RASL of the Navy and Marine Corps.

4.  Definitions.  The following definitions apply throughout this instruction.

a.  Promotion Selection Board.  A board convened under section 611 or 14101 of reference (a), and the annual promotion plans to consider for promotion to the next higher grade officers in the Navy or Marine Corps.

b.  Special Selection Board.  A selection board convened under section 628 or 14502 of reference (a) or by the Secretary of the Navy (SECNAV) in the case of Reserve warrant officers, to consider for promotion officers who either were not considered by a promotion selection board as a result of error, or who were considered, but due to defects in the board's proceedings as to them did not receive lawful or proper consideration.

5.  Policy.  Department of the Navy (DON) policy is to assemble all requirements for officers in each grade and competitive category established in reference (e) by using a system of competitive promotion selection boards.

a.  The promotion system is based on 5-year plans designed to meet the following objectives:

(1) Select officers to fill projected vacancies to meet authorized strength in each competitive category and grade for the first fiscal year of the plan.

(2) Ensure reasonable career opportunities in each competitive category.

(3) Attain and maintain an all Regular Force on the ADL.

SECNAVINST 1420.1B

(4) Maintain programmed requirements by grade in each competitive category over the latter four fiscal years of the plan while maintaining relatively similar career opportunities.

b.  Promotion selection boards will be administered to ensure careful consideration of all eligible officers without prejudice or partiality.

c.  To ensure consistency of promotion timing between the ADL and RASL, the zones for RASL 06 and below promotion boards shall be established with a running mate system as prescribed in section 14306 of reference (a) and promotions will be affected per section 14308(d) of reference (a).  The running mate system may be applied for flag/general officer promotion boards. Flag/general officer promotion plans shall state whether the running mate system will be applied.  If the running mate system is not applied, the plan shall so state and promotion zones shall be consistent with ADL promotion zones to the fullest extent practicable, as if the running mate system was applied. Officers considered and selected for promotion for which the running mate system is not applied shall have their promotions effected per section 14308(b)(2) of reference (a).

d.  Special selection boards will be used only to consider the records of officers, except as provided in paragraph 5e, and make recommendations to SECNAV with regard to selection for promotion, in cases where an error or omission precluded an officer's consideration, or proper consideration, by a promotion selection board.

e.  A special selection board will not be convened to consider any officer who, through the exercise of reasonable diligence, might have discovered and corrected the error or omission in the official record prior to convening the promotion selection board that considered, but did not select the officer.

f.  All applications for special selection boards must be received no later than three years after the date the contested board results were made public.  Applications received more than three years after the date the contested board results were made public will be treated as untimely and will be denied by the Chief of Naval Operations (CNO) or the Commandant of the Marine Corps (CMC), as appropriate.  This authority may be delegated.

SECNAVINST 1420.1B

6. <u>Annual Promotion Plan</u>.  The CNO and the CMC shall submit to SECNAV, via the Judge Advocate General (JAG), annually, a 5-year promotion plan.  The promotion plan must be submitted 45 days before the proposed convening date of the first promotion selection board of the fiscal year promotion cycle.

   a.  The plan will provide an estimate of the number of officers needed in each grade and competitive category to attain authorized strength; the number of officers estimated to be serving in each competitive category for each grade; the number of officers authorized to be on active duty on the last day of each fiscal year for each grade, including the controlled grades as established in reference (a), sections 523 and 12011, and a recommended promotion opportunity and projected flow point for each grade and competitive category.  The plan will also show, for each grade and competitive category, the number of officers to be placed in the promotion zone, the number of officers to be selected for each grade and competitive category to attain the proposed promotion opportunity, and any proposed below zone opportunity.  Per reference (c), promotion opportunity is calculated by taking the maximum number of recommendations that may be made by the promotion selection board and dividing that number by the number of officers in zone.  Flag/general officer boards include above zone eligibles; all other boards exclude above and below zone eligibles.  The plans for Reserve flag/general officer boards shall also state whether the running mate system will be applied.

   b.  The plan will provide rationale, and analysis as necessary, to support proposed deviations from flow point and opportunity guidelines in paragraph 12 or proposed below-zone opportunity exceeding 10 percent of the maximum number of officers recommended for promotion for grades O4 and above in each competitive category.  Per reference (b), plans proposing a below-zone opportunity greater than 10 percent shall include a request for the Secretary of Defense (SECDEF) approval for such opportunity.  Plans may not propose below-zone opportunity greater than 15 percent.

   c.  The plan should identify any expected need for selective continuation of officers under reference (f) or selective early retirement or selective early removal under paragraph 25, to aid in meeting authorized strength, promotion opportunity, or promotion flow points.  Selective continuation, selective early

SECNAVINST 1420.1B

retirement, and selective early removal plans, as required, will be submitted as soon after the annual promotion plan as feasible.

7. <u>Eligibility for Consideration for Promotion</u>

a. Navy and Marine Corps officers on the ADL who meet prescribed service-in-grade requirements are eligible for consideration by ADL promotion selection boards. An officer on the RASL for whom the running mate system applies is eligible for consideration for promotion to the next higher grade when that officer's running mate is in or above the promotion zone and, per section 14301 of reference (a), only if the officer has served continuously on the RASL or ADL (or a combination of both lists) for a period of one year immediately preceding the convening date of the board considering the officer for promotion. Exceptions to an officer's eligibility for consideration are provided in paragraphs 7b, 7d, 8, 11, 18b, and 19d.

b. As provided in sections 619 and 14301 of reference (a), officer promotion selection boards may not consider an officer whose name is on a promotion list for that grade as a result of their selection for promotion to that grade by an earlier promotion selection board or an officer who is recommended for promotion to that grade in the report of an earlier promotion selection board and the report has not yet been approved by the President or on behalf of the President. Additionally, per section 619 of reference (a), promotion selection boards may not consider officers in the grade of O3 who are not U.S. citizens.

c. Officers who enter on active duty and are on the ADL on the date the board convenes will be eligible for consideration for promotion under this instruction unless eligibility is deferred under paragraph 8.

d. Officers placed on the ADL or RASL after the date a board convenes are not eligible for consideration by that board.

e. In the Judge Advocate General's Corps and Chaplain Corps, normal promotion progression for newly appointed officers is impeded when officers, who are granted sufficient entry grade credit to provide for initial appointment in the grade of lieutenant (junior grade), are eligible for consideration for

promotion to lieutenant, and commence active duty after the
annual lieutenant All-Fully-Qualified-Officers List (AFQOL) is
compiled.  To avoid this impediment, annual promotion plans will
provide for two lieutenant AFQOLs for the Judge Advocate
General's Corps and Chaplain Corps each year.

8. <u>Deferred Eligibility</u>.  Per section 619 of reference (a),
SECNAV may prescribe a period of time, not to exceed one year
from the time an officer is placed on the ADL during which the
officer shall be ineligible for consideration for promotion.
Deferment of eligibility is intended to provide officers who
otherwise would have been in zone or above zone an opportunity
to obtain active duty experience, qualifications, and
significant evaluation before being considered by a promotion
selection board.  Per section 14301 of reference (a), Reserve
officers must complete one year on the RASL or ADL (or a
combination of both lists) prior to promotion consideration;
therefore, the provisions of this paragraph are not applicable
to RASL officers.  Officers whose initial promotion eligibility
is deferred will be considered by a subsequent board as officers
in zone (above zone, not previously considered) or above zone,
as appropriate, as if their eligibility had not been deferred.
Eligibility will be deferred as follows:

    a. <u>Marine Corps Officers</u>.  The CMC may, with the officer's
consent or at their request, at any time prior to the convening
of the first promotion selection board to consider their
records, defer the officer's eligibility for consideration in
zone or above zone for promotion for up to one year from the
date the officer entered on active duty and was subject to
placement on the ADL.  An officer's written request for
deferment must be submitted to Commandant of the Marine Corps,
Headquarters U.S. Marine Corps, (MMPR-1), Harry Lee Hall, 17
Lejeune Road, Quantico VA 22134-5104.  Requests must arrive no
later than the convening date of the promotion selection board
before which the officer would normally be eligible.

    b. <u>Navy Officers</u>.  Officers who would be eligible for
consideration by a promotion board as an in zone or above zone
eligible within one year of placement on the ADL shall be
informed that their eligibility for such consideration will be
deferred unless they specifically request consideration.  The
officer may waive this deferment and request consideration for
promotion, in writing, to Navy Personnel Command (NAVPERSCOM)

SECNAVINST 1420.1B

5720 Integrity Drive, Millington TN 38055-0801.  The request must be received by NAVPERSCOM (PERS-4802) no later than the convening date of the board.  The Chief of Naval Personnel (CHNAVPERS) shall normally place such officers' records before the promotion selection board.

    c.  <u>Reinstatement</u>.  An eligibility deferral, waived under paragraph 8a or 8b, will not be reinstated.

9.  <u>Service-in-Grade</u>.  In the annual promotion plan, SECNAV will prescribe, under sections 619 and 14303 of reference (a), service-in-grade requirements for eligibility for consideration by promotion selection boards in each grade and competitive category.

10.  <u>Promotion Zones</u>.  In the annual promotion plan, SECNAV will establish promotion zones for each grade and competitive category.  The limits of each zone will be indicated by the name, precedence number, and date of rank of the designated junior and senior officer in zone.  Determination of running mates and promotion zones for consideration of officers on the RASLs of the Navy and Marine Corps are governed by reference (g).  Below-zone eligibility, if prescribed, will be indicated by the name, precedence number, and date of rank of the designated junior officer eligible for consideration in each competitive category.  Officers in the same grade who are eligible for consideration for promotion to the next higher grade will be considered as officers either above zone, above zone not previously considered, in zone, or below zone for their competitive category as defined below:

    a.  <u>Above Zone</u>.  Officers within a particular grade and competitive category who are eligible for promotion and are senior to the senior officer in the promotion zone.

    b.  <u>Above Zone, Not Previously Considered</u>.  Officers in a grade below O6, senior to the senior officer in zone for their competitive category, but who have neither been removed from a promotion list to that grade; nor failed of selection to the next higher grade by an active duty board are referred to as above zone, not previously considered.

    c.  <u>In Zone</u>.  Officers within a particular grade and competitive category who:

8

SECNAVINST 1420.1B

(1) Are senior to the officer designated as the junior officer in the promotion zone.

(2) Have neither:

(a) Failed of selection (grades below O6) or not been recommended for promotion to the next higher grade.

(b) Been removed from a promotion list to the next higher grade.

d. <u>Below Zone</u>. Officers within a particular grade and competitive category who are eligible for promotion and are junior to the junior officer in the promotion zone.

11. <u>Limitations on Eligibility</u>. Per sections 619 and 14301 of reference (a), sections 619 and 14301, and reference (c), SECNAV, in the annual promotion plan, may prescribe the following limitations on eligibility for promotion in a competitive category. The CNO and CMC will make recommendations in proposed promotion plans for exercising the following limitations:

a. Limit the number of officers to be considered by a promotion selection board from below the promotion zone to those officers determined to be exceptionally well qualified for promotion. When this authority is exercised, SECNAV will prescribe in the annual promotion plan and in each promotion board precept, as applicable, the criteria for determining which officers from below the promotion zone are exceptionally well qualified for purposes of promotion.

b. Exclude from consideration for promotion those officers whose established separation date is within 90 days after the convening date of a promotion selection board for which they would have otherwise been eligible. Modifications to established separation dates made on or after the date the board convenes will not change the eligibility status of such officers for consideration by the board.

c. With SECDEF approval, SECNAV may preclude from consideration by promotion selection boards for promotion to the grade of O7 those officers who have been considered and not selected for promotion to the grade of O7 by at least two

SECNAVINST 1420.1B

promotion selection boards and are determined as not being exceptionally well qualified for promotion.

12. <u>Promotion Flow Point and Opportunity</u>.  Promotion zones will be established to meet the separate promotion requirements of each competitive category.  This may result in different promotion flow points and opportunity among the competitive categories.  Within a competitive category, promotion zones will be designed to provide relatively similar promotion opportunity over a period of five years.

    a.  Per reference (h), the following guidelines will normally be applied to ADL promotion plans for each competitive category:

| Promotion To Grade | Flow Point* | Variance | Opportunity | Variance |
|---|---|---|---|---|
| O4 | 10 years | + -1 year | 80 percent | + -10 percent |
| O5 | 16 years | + -1 year | 70 percent | + -10 percent |
| O6 | 22 years | + -1 year | 50 percent | + -10 percent |

*Years of active commissioned service plus all entry grade credit.

    b.  Promotion flow point for the Medical Corps and Dental Corps will normally be six years service in grade based on date of rank.

    c.  Promotion flow point and opportunity, for any competitive category may be temporarily set outside these guidelines when necessary to attain or to maintain the authorized grade strength.  Proposals to deviate from the guidelines prescribed in paragraph 12a must provide supporting rationale and estimated time frame within which compliance with the guidelines will become possible.

13. <u>Promotion Selection Boards</u>.  Each person participating in the conduct of a promotion selection board shall receive a copy and review the contents of reference (c) upon receipt of notification that they have been assigned duties in conjunction with the conduct of a promotion selection board.

SECNAVINST 1420.1B

a. <u>Notice of Convening</u>.  Per sections 614 and 14105 of reference (a), SECNAV will issue a notice of the convening of a promotion selection board at least 30 days before the board is convened.  The notice will include:

(1) The names, precedence numbers, and dates of rank, of the junior and senior officers in the promotion zone as of the date of notification.

(2) The name, precedence number, and date of rank of the junior officer eligible as of the date of notification, if applicable.

(3) The date the board will convene.

(4) Inform eligible officers of their right to communicate with the promotion selection board and of their responsibility to ensure their personnel records are substantially accurate and complete.

b. <u>Membership</u>.  The composition of promotion selection boards shall be determined under sections 612 and 14102 of reference (a), as applicable.  The composition shall include a board president, members, recorders, and administrative support personnel as specified in reference (i) and whose duties and responsibilities are further outlined in reference (c).  The senior member of the board may be appointed board president. The board president will also serve as a member of the board and perform such administrative duties in connection with the board proceedings as SECNAV may prescribe in the precept.  The recorders shall keep the official record of the board proceedings and at least one recorder must be present during all board deliberations.

c. <u>Submission of Precepts</u>.  CHNAVPERS and CMC will submit, not later than 10 days before the proposed convening date, a precept for each promotion selection board to SECNAV, via CNO and JAG for Navy Boards, and via CMC and JAG for Marine Corps Boards.

d. <u>Information to be Furnished to Promotion Selection Boards</u>.  No person may direct that a particular officer be selected by a promotion selection board or that a promotion selection board not select a particular officer.  Per reference

SECNAVINST 1420.1B

(c), SECNAV shall issue written instructions to promotion
selection boards. CNO and CMC shall forward to SECNAV, on an
annual basis, the content of the administrative briefings
provided to promotion selection boards for approval. The
written instructions and guidance to a board shall not include
information on particular officers. All information furnished
to promotion selection boards shall be made part of the board
record. The following, information shall be furnished to each
promotion selection board at the time it is convened:

(1) <u>Precept</u>. Promotion selection boards shall be
convened by precept addressed to the president of the board and
signed by SECNAV, or designee. The precept will include
instructions governing the proceedings of the board and will
appoint the president, members, recorders, and administrative
support personnel of the board. The board shall adhere to the
instructions in the precept.

(2) <u>Skill Guidance</u>. The precept will provide SECNAV
guidance relating to the needs of the Navy or Marine Corps for
officers with particular skills in each competitive category,
and other information and guidelines as necessary to enable the
board to perform its functions properly.

(3) Marine Corps precepts will specify the maximum
number or percentage, as applicable, of officers in each grade
and competitive category that the board may recommend for
promotion.

(4) Navy precepts will specify the percentage of
officers the board may recommend from the list of eligible
officers. CHNAVPERS will provide the maximum number of officers
that may be recommended for promotion after the final number of
eligible officers is determined as of the date the board
convenes.

(5) CHNAVPERS or CMC, acting for SECNAV, shall provide
the names of all officers in each competitive category who are
to be considered by the board based on the criteria specified in
the annual promotion plan as of the date the board convenes.

(6) CHNAVPERS or CMC shall supply all pertinent records
of each officer to be considered by the board. Such records
shall include all documents, including fitness reports, that are

SECNAVINST 1420.1B

essential for a fair and substantially accurate and complete portrayal of each officer's career as of the date the board convenes. Fitness reports, personal awards or other documents with ending dates after the convening date of the board will not be added to these records even if received while the board is in session. If the board requests information to amplify or clarify official records provided to the board, the board may request such information from SECNAV, via CNO or CMC, as appropriate. Per reference (c) and as prescribed by SECNAV in reference (n), information that is not part of an officer's official record may be provided to a board if the officer is notified that such information will be presented to the board, the officer is provided a copy of the information that will be provided to the board, and the officer is afforded a reasonable opportunity to submit written comments on that information.

    e. Only SECNAV may provide additional guidance to promotion selection boards. Per sections 615(d) and 14107(c) of reference (a), the written instructions, information, or guidance furnished to a promotion selection board may not be modified, withdrawn, or supplemented after the board submits its report to SECNAV; except as provided in paragraph 15f.

    f. Oath. Each member of the promotion selection board shall swear or affirm that they will perform their duties as a member of the board without prejudice or partiality, having in view both the special fitness of officers and the efficiency of their service. Each recorder shall swear or affirm that they will keep a true record of the proceedings of the board. Each member, recorder, and administrative support personnel shall swear or affirm that they will not divulge the proceedings of the board except as authorized or required by SECNAV or higher authority.

    g. Per reference (c), the maximum number or percentage of officers in the promotion zone authorized to be promoted within a competitive category may not be increased after the convening of a promotion selection board without written approval of SECDEF.

14. Communication with Promotion Selection Boards. All communications, other than those communications that are only administrative in nature, shall be in writing, furnished to all board members, and made a part of the board's record. An audio

SECNAVINST 1420.1B

or video recording is an acceptable means of communication with the board, so long as a written transcript is submitted by the officer and is made a part of the board record. No one, other than SECNAV shall appear in person to address a promotion selection board on any matter. This does not restrict the furnishing of administrative information to the promotion selection board by the staff designated in writing by SECNAV to assist the board. Oral communication of routine administrative information among board members, recorders, and administrative support personnel is authorized to the extent that it is necessary to facilitate the work of the board. Per sections 614 and 14106 of reference (a) and reference (j), article 1420-010, officer's eligible for consideration by a promotion selection board may communicate directly in writing with the board. The communication may call attention to any matter concerning the officer that the officer considers important.

   a. The officer's written communication may include, as enclosures, correspondence from any individual concerning the eligible officer. Correspondence not originated by the eligible officer, including endorsements to the officer's letter and letters written on behalf of that officer must contain a written acknowledgment by the eligible officer that they desire such correspondence be presented to the board. Correspondence without such an acknowledgment is considered third-party correspondence and will not be accepted. Correspondence that contains classified information will not be accepted.

   b. Officers who desire to communicate with a promotion selection board shall forward written communication to the appropriate board via NAVPERSCOM, Customer Service Center (PERS-633) or CMC (MMPR-1) as appropriate, to arrive no later than 2359 the day prior to the convening date of the promotion selection board which is to consider their record.

   c. The promotion selection board shall consider all correspondence which complies with the above requirements.

15. <u>Reports of Proceedings of Promotion Selection Boards</u>. Per reference (a), sections 617 and 14109, and reference (c), each promotion selection board shall submit a report to SECNAV listing the names of the officers recommended for promotion.

SECNAVINST 1420.1B

a.  The report shall be in writing, signed by each board
member and recorder, and shall certify that the board has
complied with all instructions contained in the precept.  The
report shall also certify that the board has carefully
considered the record of each officer whose name was furnished
to it, and that, the officers recommended for promotion are, in
the opinion of the majority of the members of the board, fully
qualified and best qualified for promotion to meet the needs of
the Navy or Marine Corps from among the officers whose names
were furnished to the board.

b.  Per sections 617(b) and 14109(c) of reference (a), each
report shall include the name of any officer considered by the
board whose record, in the opinion of a majority of the members
of the board, indicates that the officer should be required to
show cause for their retention on active duty, or in an active
status on the RASL, under reference (k), because of substandard
performance of duty, misconduct, moral or professional
dereliction, or because retention is not clearly consistent with
the interests of national security.

c.  Per section 617(c) of reference (a), each ADL officer
promotion selection board shall include in its report the names
of those officers considered and not recommended for promotion
by the board who submitted to the board a request not to be
selected for promotion or who otherwise directly caused their
non-selection through written communication to the board.  Any
officer who submits such a request will still be considered for
promotion and will incur a failure of selection if not
recommended for promotion by the board.

d.  Before the report of the promotion selection board is
signed, the recommendations may be disclosed only to members of
the board, recorders, and those administrative support personnel
designated in writing by SECNAV.  After the board report is
signed, only the recommendations of the board may be disclosed.
Except as authorized by reference (c) and sections 616(e),
618(f), 14104, and 14108(d) of reference (a), the proceedings of
the board may not be disclosed to any person not a board member
or board recorder.

e.  The report shall be forwarded for approval by the
President or his designee via first, CHNAVPERS (Navy boards);
second CNO or CMC, as appropriate; third, JAG for legal review;

15

SECNAVINST 1420.1B

and fourth, SECNAV.  Per section 618 of reference (a) and reference (c), the report of a promotion selection board that considered ADL officers with service in joint duty assignments will be forwarded to the Chairman of the Joint Chiefs of Staff (CJCS) for review.  In addition, per section 1731 of reference (a) and reference (c), promotion selection boards that considered ADL Acquisition Corps officers shall forward Acquisition Corps promotion statistics to the Under Secretary of Defense for Acquisition, Technology and Logistics (USD (AT&L)) for review.

   f.  If SECNAV determines that the board acted contrary to law, regulation or guidelines, the report will be returned to the board for further proceedings.  SECNAV may modify, withdraw, or supplement instructions, information, or guidelines, as part of a written explanation to the board.  Upon receipt of a report that has been returned by SECNAV, the board (or a subsequent board convened under this instruction for the same grade and competitive category) shall conduct proceedings as necessary to revise the report and shall resubmit the revised report to SECNAV, via first, CHNAVPERS (Navy boards); second, CNO or CMC as appropriate; third, JAG for legal review, and fourth CJCS and/or USD (AT&L), if necessary.

   g.  Once the board report is approved, the names of all officers approved for promotion within a competitive category are placed on a single list in order of seniority for that competitive category.  This list will be known as a promotion list.

   h.  Along with the board report, CNO or CMC, as appropriate, shall submit via SECNAV, an appointment scroll or nomination scroll, as appropriate, for approval per the guidance in reference (q).  A scroll contains the names of the officers selected for promotion within a competitive category, with the exception of the names of those officers withheld by SECNAV. Appointment scrolls will be submitted to SECDEF for approval for ADL officers in the grade of O3 and RASL officers in the grades of O3, O4, and O5.  Nomination scrolls will be submitted to the Senate for confirmation, via SECDEF, or designee, and the President for ADL officers above the grade of O3 and RASL officers above the grade of O5.

SECNAVINST 1420.1B

i.  Following approval of the board report, SECDEF, or designee, will forward nomination scrolls to the Senate for confirmation, via the President.

(1) When the approved report of a promotion selection board identifies officers who should be required to show cause for retention on active duty or in an active status on the RASL under paragraph 15b, and when directed by SECNAV, CHNAVPERS, or CMC will initiate a Board of Inquiry required by sections 1182 and 14903 of reference (a), on all such officers.

(2) As determined by SECNAV, the name of any officer with adverse or alleged adverse information or any Reserve officer whose record indicates that the officer has not completed a baccalaureate degree by a qualifying educational institution may be withheld from the scroll.  Upon official dissemination of the names of the selected officers by ALNAV message, CNO or CMC, as appropriate, shall notify the officer, whose name was withheld from the scroll, in writing of their status.  An officer who was withheld that is subsequently recommended for promotion shall have their name placed on a scroll and forwarded to SECDEF or Senate, as appropriate, for approval.  If subsequently promoted, the officer shall be promoted in the same manner as an officer whose promotion was delayed in paragraph 23.  An officer whose name has been withheld and is subsequently found not qualified for promotion shall have their name removed from the promotion list in the same manner described in paragraph 17 and will be subject to the provisions contained in paragraphs 18 and 19.

16.  Dissemination of Names.  The names of the officers recommended for promotion in the report of a promotion selection board shall be disseminated to the Navy and Marine Corps as follows:

a.  In the case of ADL officers recommended for promotion to the grades of O4, O5, and O6 and RASL officers recommended for promotion to the grade of O6, such names may be disseminated upon, or at any time after, the transmittal of the nomination scroll to the President.

b.  In the case of ADL and RASL officers recommended for promotion to a grade above O6, such names may be disseminated

17

upon, or at any time after, the approval of the nomination scroll by the President.

c.  The names of the ADL officers selected for promotion to the grade of O3 and RASL officers selected for promotion to the grades of O3, O4, and O5 shall normally be officially disseminated upon SECDEF's approval of the appointment scroll.

d.  Dissemination will be by ALNAV message.  CNO and CMC, as applicable, shall submit the proposed message.

e.  CNO or CMC may propose to SECNAV to withhold from the ALNAV the names of officers in the following categories:

(1) Officers whose names were withheld from appointment or nomination, as applicable.

(2) Officers against whom sworn court-martial charges have been preferred, but not disposed of; or

(3) Officers with a criminal proceeding in a Federal, State, or local court pending; or

(4) Officers against whom an investigation is being conducted to determine whether disciplinary/administrative action of any kind should be initiated.

(5) A Reserve officer who has not completed a baccalaureate degree by a qualifying educational institution.

f.  The names of the officers selected for promotion, other than those whose names were withheld from an ALNAV under paragraph 16e, if not sooner disseminated as authorized under paragraph 16, shall be promptly disseminated within DON upon confirmation by the Senate.

17.  Removal from Promotion List

a.  The President, or designee, may remove the name of any officer from a list of officers recommended for promotion by a selection board.  CHNAVPERS or CMC, as appropriate, shall provide a request for removal action to SECNAV.  If required, SECNAV will forward the removal request to the President, or designee, via SECDEF for signature.

SECNAVINST 1420.1B

b.  If, after consideration of a list of officers approved
for promotion, SECDEF or the President does not approve the
appointment or the Senate does not give its advice and consent
to the appointment of an officer whose name is on the list, that
officer's name shall be removed from the promotion list.

c.  If an officer's name is removed from the promotion list,
CNO or CMC, as appropriate, shall notify that officer in writing
of their removal from the promotion list and the resulting
effect on promotion status under paragraphs 18 and 19.

18.  Eligibility of Officers Removed from Promotion List

a.  An officer whose name is removed from a promotion list
shall be considered for all purposes to have failed of selection
for promotion and will continue to be eligible for consideration
for promotion.  If an officer is recommended for promotion by
the next promotion selection board convened for that officer's
grade and competitive category and the officer is promoted,
SECNAV may, under section 1552 of reference (a), upon such
promotion, grant the officer the same date of rank, the same
effective date for pay and allowances for the grade to which
promoted, and the same position on the ADL or RASL as the
officer would have had if the officer's name had not been
removed from the first promotion list.

b.  If an officer on the ADL, whose name was removed from a
promotion list to the grade of O3, is not recommended for
promotion by the next promotion selection board convened for the
officer's grade and competitive category, or if the officer's
name is again removed from the list of officers recommended for
promotion to the grade of O3, the officer shall be ineligible
for further consideration for promotion.

19.  Failure of Selection for Promotion

a.  Officers in grades below O6 who are in or above the
promotion zone and are considered but not selected for promotion
will be considered to have failed of selection for promotion to
the next higher grade.

b.  If an officer, in a grade below O6, whose name was
removed from a promotion list is not recommended for promotion

19

SECNAVINST 1420.1B

by the next promotion selection board convened for the officer's grade and competitive category, or if the officer's name is again removed from the list of officers recommended for promotion, or if the Senate again does not give its advice and consent to the officer's promotion, the officer shall be considered for all purposes to have twice failed of selection for promotion.

c.  Except as provided in paragraph 19d, officers who fail to select for promotion shall remain eligible for consideration by subsequent promotion selection boards so long as they remain on the ADL or RASL.  Two or more failures of selection subjects an officer to involuntary separation or retirement under references (a), (f), and (k).

d.  Officers on the ADL who are subject to discharge under section 631 of reference (a), as implemented in reference (k) for having twice failed of selection for promotion to the grade of O3, are not eligible for further consideration for promotion.

e.  Officers in or above the promotion zone who are selected for promotion to the grade of O6 or below but decline the appointment will be above zone for subsequent promotion selection boards.

20.  Counseling for Officers Who Fail of Selection for Promotion.  Per reference (j), article 1420-050, CHNAVPERS shall provide, upon request, counseling for officers who fail of selection for promotion to grades O3 to O6.  Counseling shall consist of reviewing the officer's record and indicating any factors that may account for not having been selected.

a.  The counselor will be an officer experienced in officer personnel matters who is senior to and when practicable, in the same competitive category as the officer requesting counseling. The counselor may not be an officer who served as a member, recorder, or administrative assistant for a promotion selection board which failed to select the requesting officer for promotion.

b.  Requests for counseling should be submitted to NAVPERSCOM (PERS-4).

20

SECNAVINST 1420.1B

21.  <u>Promotion of Selectees</u>.  Officers on a promotion list will be appointed as Regular officers or Reserve officers, as appropriate, in the next higher grade as additional officers are needed in each grade and competitive category.

a.  For officers on the ADL, promotions will be made in the order in which the names of officers appear on the promotion list for each competitive category as vacancies become available, except for those officers whose promotion have been delayed.  Promotion of officers from one competitive category will be effected regardless of the relative seniority of officers of the same grade in other competitive categories.

b.  For officers below the grade of O7 on the RASL, promotions will be made per the running mate system as established by reference (g).  RASL flag/general officer promotions will be made as specified in the annual promotion plan.

c.  Officers in Transition to and from the RASL or ADL.  Per section 14317 of reference (a):

(1) If an officer on the RASL is transferred to an inactive status or to a retired status after having been recommended for promotion to a higher grade by a RASL or ADL board, but before being promoted, the officer:

(a) shall be treated as if the officer had not been considered and recommended for promotion by the selection board; and

(b) may not be placed on a promotion list or promoted to the higher grade after returning to an active status, unless the officer is again recommended for promotion by an ADL or RASL board.

(2) A RASL officer who is on a promotion list as a result of selection for promotion by a RASL promotion board or a RASL special selection board and who before being promoted is placed on the ADL of the same armed force and placed in the same competitive category shall be placed on an appropriate promotion list for officers on the ADL.

SECNAVINST 1420.1B

(3) An officer who is on the ADL and is on a promotion list as the result of selection for promotion by an ADL promotion board and who before being promoted is removed from the ADL and placed on the RASL of the same armed force and in the same competitive category (including a Regular officer who on removal from the ADL is appointed as a Reserve officer and placed on the RASL) shall be placed on an appropriate RASL promotion list.

d.   CNO and CMC shall prescribe monthly numbers, by competitive category and grade, of officers to be promoted and shall announce the names of those officers promoted from the approved promotion list within the monthly numbers authorized.

e.   Authority to prescribe monthly numbers and announce promotions may be delegated to those appropriate agencies under the cognizance of CHNAVPERS or Deputy Commandant for Manpower and Reserve Affairs (DC)(M&RA)).

22.   <u>Effective Dates of Promotion</u>.   Except as provided in paragraph 23 or as otherwise provided by law, the date of rank of an officer promoted to a higher grade under sections 624 or 12203 of reference (a), and this instruction is the date of appointment.   Appointments will be considered accepted and effective on the date specified in the promotion NAVADMIN or MARADMIN unless the officer concerned expressly declines the appointment.   Officers must decline the appointment within 30 days of the effective date.   An officer's written request for declination must be submitted to NAVPERSCOM (PERS-4802), 5720 Integrity Drive, Millington TN 38055-0801 or the CMC, Headquarters U.S. Marine Corps (MMPR-1), Harry Lee Hall, 17 Lejeune Road, Quantico, VA 22134-5401, as appropriate.   The appointment will be deemed effective unless the request for declination is received by the 30th day.   Officers on a promotion list who voluntarily request retirement or discharge from the ADL or RASL prior to the effective date of promotion are not required to decline the appointment in writing.   The officer's retirement or discharge will constitute declination of appointment.

23.   <u>Delay of Promotion</u>

a.   <u>Criteria for Promotion Delay</u>.   CHNAVPERS or CMC (or designee), as appropriate, or a member's commanding officer

SECNAVINST 1420.1B

(CO), may delay the appointment of an officer selected for promotion.  If the appointment is delayed, the delaying officer shall, as soon as practicable, forward the information required by paragraph 23b to SECNAV, or designee, for ratification. Promotion may be delayed under this instruction if:

(1) Sworn charges against the officer have been received by an officer exercising general court-martial jurisdiction over the officer and such charges have not been disposed of.

(2) An investigation is being conducted to determine whether disciplinary action of any kind should be brought against the officer.

(3) Processing for separation for cause has been initiated under reference (k).

(4) A criminal proceeding in a Federal or State court is pending against the officer.

(5) There is cause to believe that the officer is mentally, physically, morally, or professionally unqualified.

(6) A Reserve officer who has not completed a baccalaureate degree by a qualifying educational institution.

b.  <u>Command Requests for Delay</u>

(1) COs who consider delay of an officer's promotion warranted and delay an officer's promotion, shall submit justification for the delay to SECNAV via, NAVPERSCOM (PERS-4833), or CMC (MMPR-1) as appropriate, immediately and prior to the members promotion or as soon thereafter as practicable.

(2) Each justification for delay to SECNAV, or designee, must include the following documents:

(a) A copy of the notification to the officer.

(b) A statement by the officer.  If the officer declines to make a statement, the officer concerned shall submit a signed statement to that effect.

23

SECNAVINST 1420.1B

(c) Supporting rationale for delay from the officer's CO based on their knowledge of the officer involved.

(d) A recommendation by CHNAVPERS or DC (M&RA), as appropriate.

c. <u>Notification of Grounds for Delay</u>. The promotion of an officer may be delayed only if the officer has been given written notice of the grounds for the delay before the effective date of the appointment, unless it is impractical to do so, in which case such written notice shall be given as soon as practicable.

d. <u>Limitations on Delay</u>. The promotion of an officer may not be delayed under this paragraph for more than 6 months after the date on which the officer would otherwise have been promoted, unless SECNAV, or designee, specifies a further period of delay. CHNAVPERS or CMC will submit timely requests, with supporting rationale, for any extension of delay of promotion. An officer's promotion may not be delayed more than 90 days after final action has been taken in any criminal case against the officer in a Federal or State court, more than 90 days after final action has been taken in any court-martial against the officer, or more than 18 months after the date on which the officer would otherwise have been promoted, whichever is later.

e. <u>Removal from the Promotion List</u>. If during a delay of promotion, it is determined that removal from the promotion list is appropriate, removal action under paragraph 17 may be initiated. Although removal action is contemplated, requests for delay extensions as provided in paragraph 23d shall be submitted as necessary until the officer's name is removed from the promotion list.

f. <u>Subsequent Promotion</u>

(1) If a promotion has been delayed under paragraph 23a(1)-23a(4) and no action has been taken to delay an appointment under paragraph 23a(5); and

(a) no disciplinary action is taken against the officer, charges against the officer are withdrawn or dismissed,

24

(b) the officer is not ordered administratively separated under reference (k); or

(c) the officer is acquitted of the charges brought against him or her, the officer shall be retained on the promotion list and shall, upon promotion to the next higher grade, have the same date of rank, the same effective date for the pay and allowances of the grade to which promoted and the same position on the ADL or RASL as they would have had if no delay had occurred, except as provided in paragraph 23f(2).

(2) If SECNAV determines that the officer was unqualified for promotion for any part of the delay, the date of rank, effective date of pay and allowances, and position on the ADL or RASL may be adjusted. Officers whose promotions were delayed under paragraph 23a(5) that SECNAV later determines are qualified, shall be promoted in the same manner.

24. <u>Special Selection Boards</u>

a.  Sections 573, 611, and 14101 of reference (a), references (o) and (p), and this instruction prescribe rules and procedures for convening promotion selection boards to consider eligible officers on the ADL and RASL of the Navy and Marine Corps for promotion to the next higher grade.  Per section 12242 of reference (a) and reference (l), those policies and procedures will also be extended, in the manner described in this instruction, to Reserve warrant officers requesting special selection boards.  When because of administrative error, the record of an officer or former officer above or in the promotion zone is not considered by a promotion selection board or the name of an officer who should have been placed on an AFQOL, SECNAV is required to convene a special selection board per section 628(a) or 14502(a) of reference (a), as implemented by reference (b), to consider that officer for promotion.

b.  SECNAV is authorized per sections 628(b) and 14502(b) of reference (a), and encouraged by reference (l), paragraph 4.2, to convene a special selection board to consider cases of officers or former officers who were in or above the promotion zone before a promotion selection board, and considered, but not selected by the board, if SECNAV determines that the action of that board was contrary to law, or involved material error of

SECNAVINST 1420.1B

fact or material administrative error, or that the board lacked
some material information for consideration.

   c.  Requests for special selection boards may be initiated
by an individual officer.  Requests will be considered and
approved per paragraph 24n.

   d.  Officers Not Considered Due to Administrative Error

      (1) SECNAV shall, upon determination that an
administrative error prevented consideration of an officer's
record before a promotion selection board, convene a special
selection board to consider the record of the officer concerned.
CNO or CMC, as appropriate, or their respective designee, shall
provide narrative comments and recommendations, as appropriate,
for consideration by SECNAV in making determinations under the
provision of this paragraph.

      (2) Failure to submit the record of an officer to the
promotion selection board for that officer's grade and
competitive category prior to the date that the board adjourned
and forwarded its report to SECNAV shall constitute
administrative error if:

         (a) The officer was on, or subject to placement on,
the ADL or RASL of the Navy or Marine Corps on or before the
date the board convened.

         (b) The officer should have been considered by the
board as an above zone or in zone eligible officer.

   e.  Officers considered by a Promotion Selection Board, but
not Recommended for Promotion

      (1) A special selection board may be convened when
SECNAV determines that an officer or former officer was not
recommended for promotion by a selection board as an above zone
or in zone eligible because:

         (a) The promotion selection board, which considered
the officer for promotion, acted contrary to law.

      (b) The action of the promotion selection board involved material error of fact or material administrative error.

      (c) The promotion selection board did not have material information before it for its consideration.

      (2) A determination that a promotion selection board acted contrary to law, that material error of fact or material administrative error occurred or that material information was not considered by a promotion selection board, shall be made by SECNAV.  SECNAV will consider the comments and recommendations of the CNO or CMC, as appropriate, or their respective designee. All requests for SECNAV determination shall be reviewed by the JAG.  JAG shall provide advice to SECNAV concerning any question of law, or mixed question of law and fact, that JAG determines has been raised by a request or by the comments and recommendations made on the request.

      (3) The following principles apply regarding SECNAV determinations under paragraph 24a:

      (a) Any act of a promotion selection board that violates reference (a), is contrary to law.

      (b) Any act of a promotion selection board that deprives the officer concerned of a constitutional or statutory right is contrary to law.

      (c) Any error of fact or administrative/procedural error that is more likely than not to have deprived the officer concerned of a fair and impartial consideration by the board is a material error.

      (d) Any information that, when properly recorded in, or removed from, an officer's record would have been essential to a substantially accurate, complete, and fair portrayal of the officer's career is material information.

      (4) Officers have a duty to review their records periodically to ensure their records are complete and accurate. Records that provide a substantially accurate, complete, and fair portrayal of the officer's career are especially important when that officer is being considered for selection for

SECNAVINST 1420.1B

promotion.  An officer's request for consideration by a special
selection board must detail the steps the officer took to ensure
the completeness and accuracy of the official record prior to
the convening of the board which considered, but failed to
select, the officer.

(5) Officers requesting special selection boards are
required to raise all possible claims regarding their non-
selection in their initial application.  Subsequent applications
from the same officer for the same contested promotion selection
board will not be considered, unless the officer can show that
the subsequent application raises significant new facts or
evidence regarding the officer's non-selection, and that the
facts or evidence were not known by the officer at the time of
the initial application, and could not have been discovered at
the time of the initial application through the exercise of
reasonable diligence.

(6) If an officer has failed of selection for promotion
to the next higher grade before a promotion selection board more
than once, and if more than one of these failures involved the
same error as determined under paragraph 24e, the officer's case
normally shall be considered by only one special selection
board.  This special selection board will be approved for the
first promotion selection board that was affected by the same
error, unless the officer specifies the particular board for
which relief is sought, or other circumstances exist indicating
that relief for a subsequent board is more appropriate.

f.  Sampling of Records.  The CNO and the CMC shall take
appropriate action within their respective services to ensure
the preparation by promotion selection boards of a sampling of
records of officers of each competitive category who were
recommended for promotion, and records of officers of each
competitive category who were not recommended for promotion by
the promotion selection board.  They or their respective
designees will also prescribe the method by which the sampling
of records will be selected for their respective services.  The
sampling of records shall enable a special selection board to
evaluate an officer's record according to the procedures in
paragraph 24i(2).  Sample records shall be retained for a period
of at least 7 years.  Written communications to the board by
officers whose records are retained will also be retained with
the records.  Each board president shall deliver the sampling of

SECNAVINST 1420.1B

records to CHNAVPERS, or Headquarters, Marine Corps, Director, Personnel Management Division (MM), as appropriate. CHNAVPERS and Director, Personnel Management Division, respectively, are designated as the custodians of all sample records retained under this instruction.

g.  Presentation of Records to Special Selection Boards. The record of an officer presented to a special selection board will be modified as necessary to reflect the record of the officer as it would have appeared to the board that should have considered the officer or, if corrected, would have appeared to the board that considered the officer. Special selection boards will compare the modified record to the sample records from the corresponding promotion selection board.

h.  Special Selection Board Membership. Special selection board membership shall be per sections 573, 612, and 14102 of reference (a) and reference (i).

i.  Special Selection Board Procedures and Reports

(1) Special selection boards shall be convened by precept, addressed to the president of the board, and signed by SECNAV. The precept will appoint the president and members of the board and will include instructions governing the proceedings of the board. Guidance issued to a special selection board will be consistent with that provided to the promotion selection board that failed to consider, or failed to properly consider, the officer whose record is before the board for consideration. All guidance shall be approved by SECNAV. Additionally, the guidance in sections 576(d), 576(f), 617(b), 618, 624, 12203, 14103, 14104, 14109, 14110, and 14111 of reference (a) shall apply to the precept and proceedings of a special selection board.

(2) The sample of records provides a relative base from which special selection boards determine which eligible officers, in the opinion of a majority of the members of the board, are fully qualified for promotion and when compared to the officers whose sample records were considered:

(a) Are better qualified for promotion than all of the officers who failed of selection for promotion before the promotion selection board.

29

SECNAVINST 1420.1B

   (b) Are comparable to those officers who were selected for promotion before the promotion selection board.

   (3) Special selection boards shall submit a written board report for approval by SECDEF or SECNAV (or designee), as appropriate, signed by each member and the recorder of the board, certifying that the board has carefully considered the record of each officer whose name was furnished to it.  The report will contain a list of those officers considered and not recommended for promotion.  The report shall be forwarded for approval by an appropriate official via first, CHNAVPERS (Navy boards); second, CNO or CMC, as appropriate; third, JAG for legal review; and fourth, SECNAV.  Additionally, the board shall notify SECNAV, by separate memorandum, of the name of each officer whose record, in the opinion of a majority of the members of the board, should be required to show cause for retention on active duty or in an active status under sections 576(d), 617(b), or 14109(c) of reference (a), and reference (k), because of substandard performance of duty, misconduct, moral or professional dereliction, or because the officer's retention is not clearly consistent with the interests of national security.

   (4) Except as authorized or required by SECNAV, or higher authority, the proceedings and report of a special selection board, including specific information regarding the sample records used and how each officer's record was rated, shall not be disclosed to any person not a member or recorder of the board.

  j. <u>Effect of Nonselection</u>

   (1) If a special selection board convened under paragraph 24d does not recommend for promotion an officer whose name was furnished to it for consideration as  above zone or in zone, the officer shall be considered to have failed of selection for promotion.

   (2) If a special selection board convened under paragraph 24e does not recommend for promotion an officer whose name was furnished to it for consideration, the officer shall not incur any additional failure of selection.

k.  Promotion of Officer Selected by Special Selection
Boards.  If the report of a special selection board convened
under this instruction, as approved by the President, SECDEF, or
SECNAV, or designee, recommends for promotion to the next higher
grade an officer whose name was furnished to it for
consideration, such officer shall, as soon as practicable, be
appointed to the next higher grade, unless the officer's
appointment is delayed.  An officer promoted as a result of the
recommendation of a special selection board shall, upon
promotion, have the same date of rank, the same effective date
for pay and allowances of that officer's grade, and the same
position on the ADL or RASL as that officer would have had if
that officer had been recommended for promotion by the promotion
selection board for which the special selection board was held
that should have considered, or that considered but failed to
select, that officer.  Former officers may apply to Board for
Correction of Naval Records (BCNR) under section 1552 of
reference (a) to correct their records to reflect their date of
rank and effect date for pay and allowances.

l.  Scheduling of Special Selection Boards and Notification
of Officers to be Considered

(1) Per reference (l), paragraph 4.4, a special
selection board, barring extenuating circumstances, such as a
heavy caseload, shall be convened and the results made known to
affected officers within 180 days after SECNAV determines that a
special selection board is warranted.  The results of special
selection boards shall be made known to affected officers in a
timely manner.

(2) Officers to be considered for promotion by a special
selection board shall be notified at least 30 days before the
board convenes that they will be considered.  Such officers
shall be provided an opportunity to send written communications
to the board in the same manner as that provided for promotion
selection boards.

(3) If, within 30 days of convening a special selection
board, an additional eligible officer is identified,
consideration of that officer may be deferred to a subsequent
special selection board.  Alternatively, the officer may waive
the 30-day notice requirement, so long as the eligible officer
has an adequate opportunity to communicate with the board.  The

officer must either exercise the right to communicate in writing with the president of the board or send a written statement (which may be by message) to NAVPERSCOM (PERS-48 or PERS-49), or to CMC (MMPR-1), as appropriate, acknowledging the waiver.

(4) Communications with special selection boards shall contain only materials referring to events prior to the convening date of the promotion selection board which failed to consider, or to properly consider, the officer. All third party correspondence concerning the officer must be forwarded to the president of the board by that officer. Communications must be received not later than the day prior to the convening date of the special selection board, otherwise the material will not be considered.

m. <u>Retention of Statistical Data</u>. CNO or CMC, as appropriate, shall calculate and retain the following statistics for each special selection board for 7 years:

(1) Statistical data regarding the number of officers considered for promotion to each grade.

(2) The number of officers selected for promotion to each grade and the number of officers considered, but not selected, for promotion to each grade.

(3) The number of officers considered by the special selection board who were not considered by the appropriate promotion selection board due to administrative error.

(4) The number of officers considered by the special selection board on the basis of legal or other material error regarding previous consideration by the appropriate promotion selection board.

n. <u>Action</u>

(1) The CNO or CMC, as appropriate, or their respective designees, shall, unless approved under paragraph 24, request a Secretarial determination under paragraph 24e in any case in which it is alleged or discovered that the circumstances discussed in those paragraphs might warrant referral of the officer's case to a special selection board. In the case of an officer who was previously considered by a promotion selection

board, but not selected, CNO or CMC shall forward comments and recommendations for consideration by SECNAV via JAG. JAG shall thoroughly review each case and provide advice to SECNAV concerning any questions of law and fact, which JAG determines has been raised by the request or by the comments and recommendations provided.

(2) The Board for Correction of Naval Records (BCNR) may, in appropriate cases, conclude that an individual's case warrants referral to a special selection board. In order to ensure consistency and uniformity in the referral of cases to special selection boards, the BCNR shall refer all such cases to CNO or CMC, as appropriate. CNO or CMC shall forward comments and recommendations concerning the particular case to the Director, BCNR. If the BCNR concludes from the comments and recommendations that the case warrants a special selection board, the BCNR shall refer the case, including CNO or CMC comments and recommendations, to SECNAV.

(3) Officers who believe that they have been improperly excluded from consideration before a promotion selection board, or who believe that lawful or material error, as described in this instruction, occurred before a promotion selection board in their case, will bring supporting information to the attention of the CNO or CMC as appropriate.

(4) CNO or CMC, as appropriate, may approve special selection board requests in cases where they can clearly determine an officer was denied consideration by a regular promotion selection board because of an administrative error. Should reasonable doubt exist or a recommendation of disapproval be warranted, the cause will be forwarded to SECNAV for a final determination.

o. <u>Deceased Officers</u>. If a deceased officer is considered for referral to a special selection board, the provisions of paragraph 24 shall be applied posthumously.

25. <u>Selective Early Retirement of Officers on the ADL and RASL and Selective Early Removal of Officers From the RASL</u>. Officers on the ADL in pay grades O5 through O8 or in an active status on the RASL in pay grades O7 through O8 may be considered for involuntary retirement prior to mandatory retirement dates determined under sections 633, 634, 635, and 14508 of

SECNAVINST 1420.1B

reference (a). RASL officers in any grade and competitive category may be considered for selective early removal from the RASL. SECNAV may convene selective early retirement and selective early removal boards based on the recommendations and supporting rationale of CNO or CMC.

a. <u>Uses of Selective Early Retirement and Selective Early Removal</u>. Per reference (m), early retirement or early removal from the ADL or RASL shall be used as a means of managing an officer grade imbalance or strength overage within a competitive category. It shall be used sparingly and it may not be used for the sole purpose of enhancing promotion opportunity; nor may it be used as a substitute for the disposition of commissioned officers who would otherwise be processed for administrative separation under references (f) and (k).

b. <u>Eligibility for Selective Early Retirement From the ADL and RASL and Selective Early Removal From the RASL</u>.

(1) Per sections 638 and 14705 of reference (a), selective early retirement eligibility for Reserve officers on active status on the RASL will be determined by SECNAV. A Regular officer on the ADL may be considered for early retirement as follows:

(a) <u>Grade O5</u>. Officer who has failed of selection for promotion to O6 two or more times and whose name is not on a list of officers recommended for promotion.

(b) <u>Grade O6</u>. Officer who has served at least four years of active duty in that grade and whose name is not on a list of officers recommended for promotion.

(c) <u>Grade O7</u>. Officer who has served at least three and 1/2 years of active duty in that grade and whose name is not on a list of officers recommended for promotion.

(d) <u>Grade O8</u>. Officer who has served at least three and 1/2 years of active duty in that grade.

(2) Per section 14704 of reference (a), officers who have at least 30 years of service completed under section 14706 of reference (a) or at least 20 years of service completed under

SECNAVINST 1420.1B

section 12732 of reference (a) may be considered for selective early removal from the RASL.

(3) SECNAV shall specify the number of officers, by either a fixed number or percentage, which a selection board may recommend for early retirement or early removal in each grade and competitive category.  Per section 638 of reference (a), the number of percentage, prescribed by SECNAV for ADL early retirement boards may not be more than 30 percent of the number of officers considered in each grade in each competitive category.

(4) The list of officers provided to a board for consideration for selective early retirement or selective early removal shall include each officer on the ADL or RASL in the same grade and competitive category whose position on the ADL or RASL is between that of the most junior officer in that grade and competitive category whose name is provided and that of the most senior officer in that grade and competitive category whose name is provided to the board who meet the criteria of paragraphs 25b(1) and 25b(2).

(5) Officers serving in grades O5 and O6 may not be considered for early retirement or early removal more than once in any five year period while in the same grade.

   c.  <u>Retirement Boards</u>.  A separate board will be convened by precept signed by SECNAV for each grade and competitive category designated for selective early retirement or early removal. Boards shall be composed and sworn in the same manner as promotion selection boards under paragraph 13.  Promotion selection boards may be reconvened as selective early retirement or early removal boards.

   d.  <u>Information to be Furnished to the Board.</u>

(1) SECNAV will furnish the following information to each board at the time it is convened:

(a) Guidelines to ensure the consideration of all eligible officers without prejudice or partiality.

(b) A list of names of officers to be considered for early retirement or early removal.  The list may not include an

officer in that grade and competitive category who has been approved for voluntary retirement or who is to be involuntary retired under any provision of law during the fiscal year in which the selection board is convened or during the following fiscal year.

(c) Information pertaining to the needs of the Service and qualifications for the grade and competitive category.

(d) The maximum number of officers that the board may recommend for early retirement or early removal in each competitive category.

(2) CHNAVPERS and the CMC shall provide the pertinent records of officers to be considered for early retirement and early removal.

e. <u>Reports</u>. Each board shall submit a written report to SECNAV listing the names of the officers recommended for retirement or early removal.

(1) The report of each selective early retirement or early removal board shall certify that the board has carefully considered the record of each officer whose name was furnished and that, based upon the identified needs of the service for officers serving in the grade and competitive category concerned, it is the opinion of a majority of the members that the early retirement of the officers whose names are listed in the selection board report is in the best interest of the Navy or Marine Corps, as appropriate.

(2) The report shall be forwarded for approval by SECNAV via first to CHNAVPERS (Navy boards); second, CNO or CMC; and third, JAG for legal review.

f. <u>Retirement of Officers Selected by a Selective Early Retirement Board</u>

(1) A Regular officer of the Navy or Marine Corps in the grade O5 or O6 who is recommended for selective early retirement and whose early retirement is approved by SECNAV shall, on the date requested by the officer and approved by SECNAV, be retired under any provision of law under which the officer is eligible

SECNAVINST 1420.1B

to retire.  The retirement date of such officer shall not be later than the 1st day of the 7th calendar month beginning after the month in which SECNAV approved the report of the selective early retirement board.

(2) A Regular or Reserve officer of the Navy or Marine Corps in the permanent grade of O7 or O8 who is recommended for early retirement and whose early retirement is approved by SECNAV shall, on the date requested by the officer and approved by SECNAV be retired under any provision of law under which the officer is eligible to retire.  The retirement date of such officer shall not be later than the 1st day of the 10th month beginning after the month in which SECNAV approved the report of the selective early retirement board.

(3) If the officer is not eligible for retirement under any provision of law, the officer shall be retained on active duty until the officer is qualified for retirement under reference (a), and then be retired under that section, unless sooner discharged or retired under another provision of law.

(4) The early retirement of an officer under the provisions of this instruction is considered an involuntary retirement for purposes of any other provision of law.

g.  <u>Separation of Officers Selected by a Selective Early Removal Board</u>.  A RASL officer who is recommended for early removal shall be discharged from the RASL if the officer is not qualified for transfer to the retired Reserve or does not request transfer to the retired Reserve.  The discharge or retirement date of such officer shall not be later than the 1st day of the 7th calendar month beginning after the month in which SECNAV approved the report of the selective early removal board.

26.  <u>Posthumous promotions</u>.  Section 1521 of reference (a), section 1521, establishes provisions to issue posthumous commissions.  The following criteria apply:

a.  <u>Commissioned Officers</u>.  Commissioned officers may be appointed, by the President (or designee), to the next higher grade if:

37

SECNAVINST 1420.1B

(1) The officer had been appointed to a commissioned grade but was not able to accept the appointment due to death in the line of duty.

(2) A candidate successfully completed an Officer Candidate School and was recommended for appointment to a commissioned grade but was not able to accept the appointment due to death in the line of duty.

(3) The officer was officially recommended for appointment or promotion to a commissioned grade and approved by SECNAV but was not able to accept the appointment due to death in the line of duty.

b.  The officer's name shall be carried on the records of the Navy or Marine Corps as if the officer had served in the grade in which posthumously commissioned from the date of the approval of the board report to the date of death.

c.  No beneficiary is entitled to any bonus, gratuity, pay, or allowances by virtue of a posthumous promotion.

27.  Establishing Authorized Strength for Promotion Planning and Execution

a.  CNO and CMC will submit to SECNAV annually a 5-year officer promotion plan for each grade and competitive category as outlined in paragraph 6.

b.  Proposed promotion plans are to be for the current and projected authorized strength requirements established under paragraph 27a.  Promotion plans will be submitted not later than 45 days prior to the proposed convening date of the applicable promotion selection board.

c.  The CNO and CMC shall submit any significant changes to the promotion plan in any grade or competitive category required by events occurring after the plan has been approved.

d.  At the completion of a fiscal year's promotion cycle, CHNAVPERS and CMC will provide for submission to the Principal Deputy Under Secretary of Defense for Personnel and Readiness, the Commissioned Officer Promotion Report (COPR) as prescribed in reference (h).

SECNAVINST 1420.1B

28.  <u>Responsibility</u>

   a.  The Assistant Secretary of the Navy (Manpower and
Reserve Affairs) (ASN (M&RA)) is responsible for management
oversight of the promotion, special selection, selective early
retirement, and selective early removal systems.

   b. The CNO and CMC are responsible for promotion, special
selection, selective early retirement, and selective early
removal planning and execution to meet the policy objectives of
this instruction.

29.  <u>Reports</u>.  The report required in paragraph 24i(3) is exempt
from reports control and Board reports are exempt per SECNAVINST
5214.2B.

Donald C. Winter
Secretary of the Navy

Distribution:
Electronic only via Navy Directives Web site
http://neds.daps.dla.mil/



DEPARTMENT OF THE NAVY
OFFICE OF THE SECRETARY
1000 NAVY PENTAGON
WASHINGTON, D.C. 20350-1000

SECNAVINST 1401.1B
Pers-26
Pers-93
25 April 1997

SECNAV INSTRUCTION 1401.1B

From:   Secretary of the Navy
To:     All Ships and Stations

Subj:   SPECIAL PROMOTION SELECTION BOARDS FOR COMMISSIONED AND
        WARRANT OFFICERS IN THE NAVY AND MARINE CORPS

Ref:    (a)  SECNAVINST 1421.7B (NOTAL)
        (b)  Title 10, United States Code
        (c)  SECNAVINST 1420.1A
        (d)  DoD Directive 1320.11 of 6 May 96, Special Selection
             Boards (NOTAL)
        (e)  SECNAVINST 1401.3
        (f)  SECNAVINST 1920.6A

1.  <u>Purpose</u>.  To set forth revised requirements to convene
special selection boards to consider officers and warrant
officers eligible for promotion in or above the promotion zone
who were either not considered by a selection board, or who were
considered, but due to defects in the board's proceedings as to
them, did not receive lawful or proper consideration.  This
instruction is a complete revision and should be reviewed in its
entirety.  Symbols to denote deleted, revised or added paragraphs
are not reflected.

2.  <u>Cancellation</u>.  SECNAVINST 1401.1A.

3.  <u>Applicability</u>

    a.  The provisions of this instruction are applicable to
officers on the active duty lists, the reserve active status
lists, and the warrant officer active duty lists in the Navy and
Marine Corps.  Special promotion selection boards for officers on
the active duty lists are authorized only in cases where the
promotion selection board in question convened on or after 15
September 1981, and for officers on the reserve active status
lists only in cases where the promotion selection board in
question is convened on or after 1 October 1995.

    b.  Special selection boards for officers on the reserve
warrant officer active status lists are covered in reference (a).



SECNAVINST 1401.1B
2 5 APR 1997

4. **Definitions**. The following definitions apply throughout this instruction.

a. **Promotion Selection Board**. A board convened under 10 U.S.C. §611 or §14101 and the annual promotion plans to consider for promotion to the next higher grade officers in the Navy or Marine Corps (except Naval Reserve Warrant officers).

b. **Special Selection Board**. A selection board convened under 10 U.S.C. §628 or §14502 to consider for promotion officers who either were not considered by a promotion selection board as a result of error, or who were considered, but due to defects in the board's proceedings as to them did not receive lawful or proper consideration.

5. **Background**

a. References (b) and (c) prescribe rules and procedures for convening promotion selection boards to consider eligible officers on the active duty lists, the reserve active status lists and on the warrant officer active duty lists of the Navy and Marine Corps for promotion to the next higher grade. When, because of administrative error, the record of an officer in or above the promotion zone is not considered by a promotion selection board, the Secretary of the Navy (SECNAV) is required to convene a special selection board under §628 and §14502 of reference (b), as implemented by reference (d), to consider that officer for promotion.

b. SECNAV is authorized by §628 and §14502 of reference (b), and encouraged by paragraph D2 of reference (d), to convene a special selection board to consider cases of officers who were in or above the promotion zone before a promotion selection board, but not selected, if SECNAV determines that the action of that board was contrary to law, or involved material error of fact or material administrative error, or that the board lacked some material information for consideration.

c. Requests for special selection boards may be initiated by an individual officer. Requests will be considered and approved per paragraph 17.

6. **Policy**

a. Special selection boards will be used only to consider the records of officers, and make recommendations to SECNAV with regard to selection for promotion, in cases where an error or omission precluded an officer's consideration, or proper

2

SECNAVINST 1401.1B
2 5 APR 1997

consideration, by a promotion selection board. Correction of an error in an officer's record, after the officer incurs a failure of selection by the promotion selection board that was affected by the error, will not necessarily be the basis for convening a special selection board.

b. A special selection board will not be convened to consider any officer who, through the exercise of reasonable diligence, might have discovered and corrected the error or omission in the official record prior to convening the promotion selection board that considered, but did not select the officer.

7. <u>Officers Not Considered Due to Administrative Error</u>

a. SECNAV shall, upon determination that an administrative error prevented consideration of an officer's record before a promotion selection board, convene a special selection board to consider the record of the officer concerned. The Chief of Naval Operations (CNO) or the Commandant of the Marine Corps (CMC), as appropriate, or their respective designee, shall provide narrative comments and recommendations, as appropriate, for consideration by SECNAV in making determinations under the provision of this paragraph.

b. Failure to submit the record of an officer to the promotion selection board for that officer's grade and competitive category prior to the date that the board adjourned and forwarded its report to SECNAV shall constitute administrative error if:

(1) The officer was on, or subject to placement on, the active duty list, the reserve active status list or the warrant officer active duty list, of the Navy or Marine Corps on or before the date the board convened, and

(2) The officer should have been considered by the board as an in-zone or above-zone eligible officer.

8. <u>Officers Considered by a Promotion Selection Board, but not Recommended for Promotion</u>

a. A special selection board may be convened when SECNAV determines that an officer on the active duty list, the reserve active status list, or the warrant officer active duty list, was not recommended for promotion by a promotion selection board as an in-zone or above-zone eligible because:

3

SECNAVINST 1401.1B
2 5 APR 1997

(1) The promotion selection board, which considered the officer for promotion, acted contrary to law;

(2) The action of the promotion selection board involved material error of fact or material administrative error; or

(3) The promotion selection board did not have material information before it for its consideration.

b. A determination that a promotion selection board acted contrary to law, that material error of fact or material administrative error occurred, or that material information was not considered by a promotion selection board, shall be made by SECNAV. SECNAV will consider the comments and recommendations of the CNO or CMC, as appropriate, or their respective designee. All requests for SECNAV determination shall be reviewed by the Judge Advocate General (JAG). JAG shall provide advice to SECNAV concerning any question of law, or mixed question of law and fact, that JAG determines has been raised by a request or by the comments and recommendations made on the request.

c. The following principles apply regarding SECNAV determinations under subparagraph 8a:

(1) Any act of a promotion selection board that violates §575, §616, or §14108 of reference (b) is contrary to law.

(2) Any act of a promotion selection board that deprives the officer concerned of a constitutional or statutory right is contrary to law.

(3) Any error of fact or administrative/procedural error that is more likely than not to have deprived the officer concerned of a fair and impartial consideration by the board is a material error.

(4) Any information that, when properly recorded in, or removed from, an officer's record would have been essential to a substantially accurate, complete, and fair portrayal of the officer's career is material information.

d. Officers have a duty to review their records periodically to ensure their records are complete and accurate. Records that provide a substantially accurate, complete, and fair portrayal of the officer's career are especially important when that officer is being considered for selection for promotion. An officer's request for consideration by a special selection board must

4

SECNAVINST 1401.1B

2 5 APR 1997

detail the steps the officer took to ensure the completeness and accuracy of the official record prior to the convening of the board which considered, but failed to select, the officer.

e.  If an officer has failed of selection for promotion to the next higher grade before a promotion selection board more than once, and if more than one of these failures involved the same error as determined under subparagraph 8a, the officer's case normally shall be considered by only one special selection board.  This special selection board will be approved for the first promotion selection board that was affected by the same error, unless the officer specifies the particular board for which relief is sought, or other circumstances exist indicating that relief for a subsequent board is more appropriate.

9.  <u>Sampling of Records</u>.  The CNO and the CMC shall take appropriate action within their respective services to ensure the preparation by promotion selection boards of a sampling of records of officers of each competitive category who were recommended for promotion, and records of officers of each competitive category who were not recommended for promotion by the promotion selection board.  They or their respective designees will also prescribe the method by which the sampling of records will be selected for their respective services.  The sampling of records shall enable a special selection board to evaluate an officer's record according to the procedures at paragraph 12b.  Sample records shall be retained for a period of at least seven calendar years.  Written communications to the board by officers whose records are retained will also be retained with the records.  Each board president shall deliver the sampling of records to Chief of Naval Personnel (CNP), or Director, Personnel Management Division (MM), Headquarters, Marine Corps, as appropriate.  CNP and Director, Personnel Management Division, respectively, are designated as the custodians of all sample records retained under this instruction.

10.  <u>Presentation of Records to Special Selection Boards</u>.  The record of an officer presented to a special selection board will be modified as necessary to reflect the record of the officer as it would have appeared to the board that should have considered the officer or, if corrected, would have appeared to the board that considered the officer.  Special selection boards will compare the modified record to the sample records, retained under §628 and §14502 of reference (b), from the corresponding promotion selection board.

5

SECNAVINST 1401.1B
25 APR 1997

11.  Special Selection Board Membership.  Special selection board membership shall be in accordance with §573, §612, or §14102 of reference (b) and reference (e).

12.  Special Selection Board Procedures and Reports

    a.  Special selection boards shall be convened by precept, addressed to the president of the board, and signed by SECNAV. The precept will appoint the president and members of the board and will include instructions governing the proceedings of the board.  Guidance issued to a special selection board will be consistent with that provided to the promotion selection board that failed to consider, or failed to properly consider, the officer whose record is before the board for consideration.  All guidance shall be approved by SECNAV.

    b.  The sample of records provides a relative base from which special selection boards determine which eligible officers, in the opinion of a majority of the members of the board, are fully qualified for promotion and when compared to the officers whose sample records were considered:

        (1) Are better qualified for promotion than any of the officers who failed of selection for promotion before the promotion selection board; and

        (2) Are comparable to those officers who were selected for promotion before the promotion selection board.

    c.  Special selection boards shall submit a written board report to SECNAV signed by each member and the recorder of the board, certifying that the board has carefully considered the record of each officer whose name was furnished to it.  The report will contain a list of those officers considered and recommended for promotion and those officers considered and not recommended for promotion.  The report shall be forwarded for approval by an appropriate official via first, CNP (Navy boards); second, CNO or CMC, as appropriate; third, JAG for legal review; and fourth, SECNAV.  Additionally, the board shall notify SECNAV, by separate memorandum, of the name of each officer whose record, in the opinion of a majority of the members of the board, should be required to show cause for retention on active duty or in an active status under §1181 and §14902 of reference (b) and reference (f) because of substandard performance of duty, misconduct, moral or professional dereliction, or because the officer's retention is not clearly consistent with the interests of national security.

6

SECNAVINST 1401.1B
2 5 APR 1997

d.  Except as authorized or required by SECNAV, Secretary of
Defense (SECDEF), or the President, the proceedings and report of
a special selection board, including specific information
regarding the sample records used and how each officer's record
was rated, shall not be disclosed to any person not a member or
recorder of the board.

13.  Effect of Nonselection

a.  If a special selection board convened under paragraph 7
does not recommend for promotion an officer whose name was
furnished to it for consideration as in-zone or above-zone, the
officer shall be considered to have failed of selection for
promotion.

b.  If a special selection board convened under paragraph 8
does not recommend for promotion an officer whose name was
furnished to it for consideration, the officer shall not incur
any additional failure of selection.

14.  Promotion of Officer Selected by Special Selection Boards.
If the report of a special selection board convened under this
instruction, as approved by the President, Secretary of Defense,
or SECNAV, as appropriate, recommends for promotion to the next
higher grade an officer whose name was furnished to it for
consideration, such officer shall, as soon as practicable, be
appointed to the next higher grade, unless the officer's
appointment is delayed under reference (b).  An officer promoted
as a result of the recommendation of a special selection board
shall, upon promotion, have the same date of rank, the same
effective date for the pay and allowances of that officer's
grade, and the same position on the active duty list, the reserve
active status list, or the warrant officer active duty list, as
that officer would have had if that officer had been recommended
for promotion by the promotion selection board for which the
special selection board was held that should have considered, or
that considered but failed to select, that officer.

15.  Scheduling of Special Selection Boards and Notification of
Officers to be Considered

a.  As per paragraph D4 of reference (d), a special selection
board, barring extenuating circumstances, such as a heavy
caseload, shall be convened and the results made known to
affected officers within 180 days after SECNAV determines that a
special selection board is warranted.  The results of special
selection boards shall be made known to affected officers in a
timely manner.

7

SECNAVINST 1401.1B
25 APR 1997

b. Officers to be considered for promotion by a special selection board shall be notified at least 30 days before the board convenes that they will be considered. Such officers shall be provided an opportunity to send written communications to the board in the same manner as that provided for promotion selection boards.

c. If, within 30 days of convening a special selection board, an additional eligible officer is identified, consideration of that officer may be deferred to a subsequent special selection board. Alternatively, the officer may waive the 30-day notice requirement, so long as the eligible officer has an adequate opportunity to communicate with the board. The officer must either exercise the right to communicate in writing with the president of the board or send a written statement (which may be by message) to CNP (Pers-26 or 93), or to Headquarters, Marine Corps (Code MMPR-1), as appropriate, acknowledging the waiver.

d. Communications with special selection boards shall contain only materials referring to events prior to the convening date of the promotion selection board which failed to consider, or to properly consider, the officer. All third party correspondence concerning the officer must be forwarded to the president of the board by that officer. Communications must be received not later than the convening date of the special selection board.

16. <u>Retention of Statistical Data</u>. CNO or CMC, as appropriate, shall calculate and retain the following statistics for each special selection board for seven years:

a. Statistical data regarding the number of officers considered for promotion to each grade;

b. The number of officers selected for promotion to each grade and the number of officers considered, but not selected, for promotion to each grade;

c. The number of officers considered by the special selection board who were not considered by the appropriate promotion selection board due to administrative error; and

d. The number of officers considered by the special selection board on the basis of legal or other material error regarding previous consideration by the appropriate promotion selection board.

8

SECNAVINST 1401.1B

25 APR 1997

17. <u>Action</u>

    a. The CNO or CMC, as appropriate, or their respective designees, shall, unless approved under paragraph 18d, request a Secretarial determination under paragraphs 7 or 8 in any case in which it is alleged or discovered that the circumstances discussed in those paragraphs might warrant referral of the officer's case to a special selection board. In the case of an officer who was previously considered by a promotion selection board, but not selected, CNO or CMC shall forward comments and recommendations for consideration by SECNAV via JAG. JAG shall thoroughly review each case and provide advice to SECNAV concerning any question of law, or mixed question of law and fact, which JAG determines has been raised by the request or by the comments and recommendations provided.

    b. The Board for Correction of Naval Records (BCNR) may, in appropriate cases, conclude that an individual's case warrants referral to a special selection board. In order to ensure consistency and uniformity in the referral of cases to special selection boards, the BCNR shall refer all such cases to CNO or CMC, as appropriate. CNO or CMC shall forward comments and recommendations concerning the particular case to the Director, BCNR. If the BCNR concludes from the comments and recommendations that the case warrants a special selection board, the BCNR shall refer the case, including CNO or CMC comments and recommendations, to SECNAV.

    c. An officer who believes that he or she has been improperly excluded from consideration before a promotion selection board, or who believes that lawful or material error, as described in this instruction, occurred before a promotion selection board in his or her case, will bring supporting information to the attention of the CNO or CMC, as appropriate.

        CNO or CMC, as appropriate, may approve special selection board requests in cases where they can clearly determine an officer was denied consideration by a regular promotion selection board because of an administrative error. Should reasonable doubt exist, or a recommendation of disapproval be warranted, the cause will be forwarded to SECNAV for a final determination.

SECNAVINST 1401.1B

25 APR 1997
18. Report. The report required in paragraph 12(c) is
exempt from reports control by SECNAVINST 5214.2B.

*Richard Danzig*

Richard Danzig
Acting

Distribution:
SNDL Parts 1 and 2
MARCORPS PCN 71000000000 and 71000000100
BUPERS (Pers-26 and Pers-93, 50 copies each)

SECNAV/OPNAV Directives Control Office
Washington Navy Yard Building
901 M Street SE
Washington DC  20374-5074 (20 copies)

Order from:
Navy Inventory Control Point
Cog "I" Material
700 Robbins Avenue
Philadelphia PA  19111-5098

Stocked:  300 copies

ADMINISTRATIVE MESSAGE

ROUTINE

R 091942Z JUN 03 ZYB MIN PSN 789046J34

FM SECNAV WASHINGTON DC

TO ALNAV

UNCLAS //N01400//
ALNAV 050/03

MSGID/GENADMIN/SECNAV WASHINGTON DC/-/JUN//

SUBJ/SPECIAL SELECTION BOARDS//

REF/A/DOC/CONGRESS/01OCT1996//

REF/B/DOC/SECNAV/25APR1997//

NARR/REF A IS 10 U.S.C. SECTIONS 628, 14502.  REF B IS SECNAVINST
1401.1B.//

RMKS/1.  IAW REF A, THIS ALNAV PROMULGATES TWO IMMEDIATE CHANGES TO
REF B.

2.  FIRST, NEW SUBPARAGRAPH 6.C. IS INSERTED IN REF B TO READ AS
FOLLOWS:  "ALL APPLICATIONS FOR SPECIAL SELECTION BOARDS MUST BE
RECEIVED NO LATER THAN THREE YEARS AFTER THE DATE THE CONTESTED
BOARD RESULTS WERE MADE PUBLIC.  APPLICATIONS RECEIVED MORE THAN
THREE YEARS AFTER THE DATE THE CONTESTED BOARD RESULTS WERE MADE
PUBLIC WILL BE TREATED AS UNTIMELY AND WILL BE DENIED."

3.  SECOND, THE WORD "ANY", IN THE CURRENT SUBPARAGRAPH 12.B(1) OF
REF B, IS REPLACED BY THE WORD "ALL".  ACCORDINGLY, NEW
SUBPARAGRAPH 12.B(1) OF REF B WILL READ AS FOLLOWS:  "ARE BETTER
QUALIFIED FOR PROMOTION THAN ALL OF THE OFFICERS WHO FAILED OF
SELECTION FOR PROMOTION BEFORE THE PROMOTION SELECTION BOARD."

4.  CHANGES REFLECTING THE FOREGOING PROVISIONS WILL BE INCORPORATED
IN THE NEXT REVISION OF REF B.

5.  RELEASED BY THE HONORABLE HANSFORD T. JOHNSON, ACTING SECRETARY
OF THE NAVY.//

BT
NNNN



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374–5066

IN REPLY REFER TO

5420
Ser 13/4BC11426.07
27 Apr 07

From:  Deputy Assistant Judge Advocate General (Administrative Law)
To:    Chairman, Board for Correction of Naval Records

Subj:  REQUEST FOR COMMENTS AND RECOMMENDATION IN THE CASE OF
       LCDR MARK A. PAYLOR, USN (RET.)

Ref:   (a) Your ltr KES Docket No. 01170-07 of 26 Feb 07

Encl:  (1) Legal Analysis

1.  This responds to reference (a), your request for our comments and recommendation in the case of Petitioner, LCDR Mark A. Paylor, USN (Ret).

2.  <u>Issues</u>

    a.  Whether the language in the Active Duty Commander Promotion Board precepts for Fiscal Years 1997, 1998, and 1999 violated Petitioner's constitutional right to equal protection?

    b.  If so, whether Petitioner is entitled to consideration by a Fiscal Year 1997 Active Duty Commander Special Promotion Selection Board?

3.  <u>Short answers</u>

    a.  Petitioner may have been disadvantaged by the precept language.

    b.  No relief is warranted because Petitioner submitted his request 10 years after the fact; his petition is untimely.

4.  <u>Discussion</u>.  Enclosure (1) provides a detailed legal analysis of the issues.

5.  <u>Point of contact</u>.  My point of contact for this matter is Lieutenant Commander Michael A. DiLauro at 703-604-8217 or michael.dilauro@navy.mil.

R. K. GIROUX

MAY - 1 2007

00139

Legal Analysis

1. Issues

a.  Whether the language in the Active Duty Commander Promotion Board precepts for Fiscal Years 1997, 1998, and 1999 violated Petitioner's constitutional right to equal protection?

b.  If so, whether Petitioner is entitled to consideration by a Fiscal Year 1997 Active Duty Commander Special Promotion Selection Board?

2. Short answers

a.  Petitioner may have been disadvantaged by the precept language.

b.  No relief is warranted because Petitioner submitted his request 10 years after the fact; his petition is untimely.

3. Background

a.  Petitioner, a white male, began serving on active duty on 19 June 1981; he retired on 1 October 1998 after three times failing of selection for promotion to the rank of commander.[1]

b.  He was in-zone before the FY-97 promotion board and above-zone during the FY-98 and FY-99 boards.[2]

c.  Petitioner argues that that certain language within the FY-97 board precept violated his Fifth Amendment rights.  That precept stated:[3]

d.  The charter of these boards is to select those officers who are "best and fully qualified."  Within this charter, the Navy's goal is to achieve a minority selection rate which is at least equal to the selection opportunity within the relevant grade and competitive category.  This goal is important because the Navy benefits by ensuring the talents of minority officers are not overlooked due to the officer's past assignments, precommissioning social background, or

---

[1] Pet., ¶¶ 4.a and 4.b.

[2] Id., ¶ 4.b.

[3] Id., ¶¶ 3 and 4.c.

Encl. (1)

00140

possibly biased fitness reports.  Prior to adjournment,
the boards must review the extent to which the goal of
equivalent selection rates has been met.[4]

    d.  The FY-98 precept contained language nearly identical to
that of the FY-97 precept:

> d.  The charter of these boards is to select those
> officers who are "best and fully qualified."  Within
> this charter, it is desirable to achieve a minority
> selection rate which is at least equal to the
> selection opportunity within the relevant grade and
> competitive category.  This goal is important because
> the Navy benefits by ensuring the talents of minority
> officers are not overlooked due to the officer's past
> assignments, precommissioning social background, or
> possibly biased fitness reports.  Prior to adjournment,
> the boards must review the extent to which the goal of
> equivalent selection rates has been met.[5]

    e.  Likewise, the FY-99 precept language varied only
slightly as compared to the FY-98 language:

> d.  The charter of these boards is to select those
> officers who are "best and fully qualified."  Within
> this charter, it is desirable to achieve a minority
> selection rate which is at least equal to the
> selection opportunity within the relevant grade and
> competitive category.  This is important because the
> Navy benefits by ensuring the talents of minority
> officers are not overlooked due to the officer's past
> assignments, or precommissioning social background.
> Prior to adjournment, the boards must review the
> extent to which the goal of equivalent selection rates
> has been met.[6]

---

[4] Precept Convening FY-97 Selection Boards to Consider Officers in the Line on
the Active-Duty-List of the Navy for Promotion to the Grade of Commander,
Encl. (2) (Supplemental Guidance), ¶ 3.d.

[5] Precept Convening FY-98 Selection Boards to Consider Officers in the Line on
the Active-Duty List of the Navy for Promotion to the Grade of Commander,
Encl. (2) (Supplemental Guidance), Appx. – C, ¶ 1.d. (Added emphasis shows
the language changed after the FY-97 board.)

[6] Precept Convening FY-99 Selection Boards to Consider Officers in the Line on
the Active-Duty List of the Navy for Promotion to the Grade of Commander,
Encl. (2) (Supplemental Guidance), Appx. – C, ¶ 1.d.  (The term "goal" was
removed, as was the phrase regarding "possibly biased fitness reports.")

Encl. (1)

f.  Petitioner requests that the Secretary of the Navy convene a Fiscal Year 1997 Active Duty Commander Special Promotion Selection Board (FY-97 SSB) to consider him for promotion.[7]  He further requests that, should he not be chosen by the FY-97 SSB, that an FY-98 SSB be convened on his behalf; and, if he is not selected by that board, that an FY-99 SSB be convened for him.[8]

4.  Discussion

a.  <u>Military Members are Provided Equal Protection of the Law by the Fifth Amendment to the U.S. Constitution</u>.  The Equal Protection Clause of Constitution's Fourteenth Amendment provides that "no state shall make or enforce any law which shall . . . deny to any person within its jurisdiction equal protection of the laws."[9]  The Fourteenth Amendment applies only to state governments, however, the same rules of equal protection apply to the federal government through the Fifth Amendment Due Process Clause.[10]  Petitioner argues that the precept language quoted above violated his right to equal protection under the law because it instructed promotion board members to give preference to officers who were female or a member of a racial minority.[11]

b.  <u>Although Petitioner Enjoyed the Protection of the Constitution, His Petition is Nonetheless Untimely</u>.

(1)  <u>SSB Requests are Subject to a Three-Year Time Limit</u>.  Title 10, U.S. Code, section 628(b), authorizes the Secretary of a military department to convene a special selection board when a person considered for promotion was subjected to material unfairness and the board did not select him for promotion.[12]  Section 628(j) of title 10 authorizes the Secretary to prescribe

---

[7] <u>Id.</u>, ¶ 7.

[8] <u>Id.</u>

[9] U.S. Const., XIV amend.

[10] <u>Id.</u>, V amend.; <u>see</u> <u>also</u> <u>Weinberger v. Wiesenfeld</u>, 420 U.S. 636, 638 n.2 (1975); <u>Schlesinger v. Ballard</u>, 419 U.S. 498, 500 n.3 (1975); <u>Bolling v. Sharpe</u>, 347 U.S. 497, 499 (1954).

[11] Pet., ¶ 4.c.

[12] 10 U.S.C. § 628(b)(1)(A) addresses actions by a promotion board that are contrary to law.

00172

Encl. (1)

regulations governing special selection boards. The statute expressly provides that these regulations may place a time limit on the filing of an application for consideration by an SSB.[13] In this instance, the Secretary of the Navy promulgated SECNAVINST 1420.1B on 28 March 2006, which established a three-year time limit:

> All applications for special selection boards must be received no later than three years after the date the contested board results were made public. Applications received more than three years after the date the contested board results were made public will be treated as untimely and will be denied by the Chief of Naval Operations (CNO) or the Commandant of the Marine Corps (CMC), as appropriate.[14]

(2) Similarly, a Three-Year Time Limit Applies to BCNR Petitions. Section 1152 of title 10 provides the Board for Correction of Naval Records with the authority to correct an error or remove an injustice from the military record of individuals within the Department of the Navy. This authority is subject to the time constraints articulated in subsection (b), which provides, "No correction may be made . . . unless the claimant or his heir or legal representative files a request for the correction within three years after he discovers the error or injustice. However, a board . . . may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice."[15]

c. Petitioner admits that both the SSB and BCNR three-year time limits apply to his case. However, he argues that that they should be waived because he had no notice.[16] He states that he received notice when courts published opinions in cases with facts similar to his own.[17] He maintains that he did not, and could not, have known that the language cited above may have

---

[13] 10 U.S.C. § 628(j)(2)(B).

[14] SECNAVINST 1420.1B, ¶ 5.f.

[15] SECNAVINST 5420.193, ¶ 3.b, requires that applicants who file their application more than three years after discovery of the error or injustice to "set forth the reason why the Board should find it in the interest of justice to excuse the failure to file the application within the time prescribed."

[16] Pet., ¶¶ 5.1-5.n.

[17] Id., ¶¶ 5.a-5.g.

00143

Encl. (1)

subjected him to unfairness[18] because there are no published
decisions wherein the Navy's precept language was determined to
be unconstitutional or otherwise contrary to law.[19]

    d. <u>Petitioner had Notice</u>.  Petitioner knew as much as the
plaintiffs in the cases he cites for support; he had as much
information as the government.  Until cases were filed, decided
by the courts and the decisions published, the Navy and other
military departments believed their precept language was
constitutional.  After publication, Navy precept language was
modified and, as Petitioner notes, SSBs were granted in some
cases where reverse discrimination was alleged.  But, the Navy
cannot, and should not, grant SSBs in perpetuity.[20]  Petitioner's
request comes 10 years after he initially failed of selection
for promotion.  The time limit in effect when he filed his BCNR
petition was, and is, three years.

5.  <u>Conclusion</u>.  Petitioner's request should be denied because
his submission was untimely.

---

[18] <u>Id.</u>, ¶ 5.1.

[19] <u>Id.</u>

[20] Petitioner complains that SECNAVINST 1420.1B, which places a three-year
time limit on SSB requests, was not promulgated until 28 Mar 06, however, he
is affected by the time limit because he delayed in filing his SSB request.

Encl. (1)

00144



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG
Docket No: 1170-07
14 November 2007

From:    Chairman, Board for Correction of Naval Records
To:      Secretary of the Navy

Subj:    LCDR MARK A. PAYLOR, USN (RET), 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;
         REVIEW OF NAVAL RECORD

Ref:     (a) Tile 10 U.S.C. 1552

Encl:    (1) DD Form 149 dtd 25 Jan 07 w/attachs
         (2) OJAG ltr dtd 27 Apr 07 w/encl
         (3) Counsel ltr dtd 22 May 07 w/encls
         (4) BCNR rpt in another officer's case,
             dkt no 7145-05
         (5) OJAG e-mail dtd 11 May 07
         (6) NPC e-mail dtd 18 Jun 07
         (7) Subj's naval record

1.  Pursuant to the provisions of reference (a), Subject,
hereinafter referred to as Petitioner, filed written
application, enclosure (1), with this Board requesting, in
effect, that he be granted a special selection board (SSB) for
the Fiscal Year (FY) 1997, 1998 and 1999 Active Line Commander
Selection Boards.  By memorandum of 7 February 2001, the Senior
Civilian Official, Office of the Assistant Secretary of the Navy
(Manpower and Reserve Affairs) (M&RA) has stated that "...all
petitions for relief alleging non-selection for promotion based
on the equal opportunity guidance contained in officer promotion
precepts between FY 1994 and FY 1999 [are] matters of
Secretarial interest..." and that these types of cases are to be
forwarded with "...the Board's recommendation to AGC [Assistant
General Counsel] M&RA prior to final action."

2.  The Board, consisting of Ms. Mann and Messrs. Morgan and
Zsalman, reviewed Petitioner's allegations of error and
injustice on 12 October 2007, and pursuant to its regulations,
determined that relief should be denied.  Documentary material
considered by the Board consisted of the enclosures, naval
records, and applicable statutes, regulations and policies.

3.  The Board, having reviewed all the facts of record pertaining to Petitioner's allegations of error and injustice, finds as follows:

a.  Before applying to this Board, Petitioner exhausted all administrative remedies which were available under existing law and regulations within the Department of the Navy.

b.  Although it appears that enclosure (1) was not filed in a timely manner, it is in the interest of justice to waive the statute of limitations and review the application on its merits.

c.  Petitioner, a Caucasian male, failed of selection by the FY 1997, 1998 and 1999 Line Commander Selection Boards.  He alleges that he has been the victim of racial and/or gender discrimination because of the equal employment opportunity (EEO) language included in the promotion board precepts.  He contends the following language in the Supplemental Guidance portion of the FY 1997 Line Commander Selection Board precept, which is essentially identical in the FY 1998 and 1999 promotion board precepts, is unconstitutional as it relates to race and gender:

...2.  Due to historic statutory restrictions on the assignment of women in the Navy, the records of female officers before the boards may show a career pattern different from that of their male counterparts.  Such pre-existing restrictions on duty assignments, which have foreclosed to women opportunities for operational and command assignments available to men, cannot be allowed to prejudice the selection of women for promotion. Accordingly, in determining a woman's qualification for promotion, duty performed by a female officer, whose assignability was constrained by law or policy, shall be given weight equal to duty performed by a male officer not so constrained which is equally well performed.  In evaluating a female officer, emphasis will be placed on her actual performance in assignments rather than her pattern of assignments as compared to male officers.

3.  The Department of the Navy is dedicated to equality of treatment and opportunity for all personnel without regard to race, creed, color, sex, or national origin. Aggressive commitment to equal opportunity is critical.

a.  Many minority officers have been assigned involuntarily outside the traditional career development patterns, i.e., recruiting, equal opportunity, and specific

00006

billets requiring minorities.  These assignments, though
beneficial to the interests of the Navy, have resulted in
those officers having career patterns different from
officers who have been able to serve in their primary or
warfare specialties.  In making your determination of those
officers who are best and fully qualified for promotion,
you must view such assignments as having the same value as
assignments within the primary or warfare specialty...

    ...d.  The charter of these boards is to select those
officers who are "best and fully qualified."  Within this
charter, the Navy's goal is to achieve a minority selection
rate which is at least equal to the selection opportunity
within the relevant grade and competitive category.  This
goal is important because the Navy benefits by ensuring the
talents of minority officers are not overlooked due to the
officer's past assignments, precommissioning social
background, or possibly biased fitness reports.  Prior to
adjournment, the boards must review the extent to which the
goal of equivalent selection rates has been met...

    d.  In enclosure (2), the Office of the Judge Advocate
General (OJAG) has stated that although the precept language of
which Petitioner complains may have disadvantaged him, "No
relief is warranted because Petitioner submitted his request 10
years after the fact; his petition is untimely."  OJAG notes
that Secretary of the Navy Instruction (SECNAVINST) 1420.1B of
28 March 2006 states in pertinent part the following:

    All applications for [SSB's] must be received no
later than three years after the date the contested
board results were made public.  Applications received
more than three years after the date the contested
board results were made public will be treated as
untimely and will be denied by the Chief of Naval
Operations...

SECNAVINST 1401.B, predecessor of SECNAVINST 1420.1B as it
relates to SSB's, was amended by message of 9 June 2003 to
include the three-year time limit for SSB applications.

    e.  By enclosure (3), Petitioner's counsel rebutted the OJAG
advisory opinion.  Counsel argued the advisory agreed that the
precepts of the FY 1997 through 1999 promotion boards included
unconstitutional EEO language and the Navy has since removed the
wording at issue.  Counsel noted that in what he calls a
"similar" case before this Board (docket number 2487-03),

submitted before issuance of the message that first established the three-year statute of limitations for SSB applications, the applicant was granted an SSB approximately seven years after having discovered he had failed of selection. Counsel requested that the three-year regulatory limitation be waived in this case. He contended that the Navy can still convene an SSB because it still holds the sample military records. He stated that he can still bring an action in federal court if necessary. He enclosed a copy of an Air Force Board for Correction of Military Records case where an applicant was granted an SSB in another case he considers similar. He concluded that Petitioner deserves an SSB so he can finally receive fair promotion consideration.

f. Enclosure (4) is a recent Board decision in a Navy promotion case where an SSB was granted on the basis of objectionable precept language similar to that in Petitioner's case. The applicant in that case initially applied before issuance of the message first establishing the three-year limitation.

g. Enclosure (5) is OJAG electronic mail (e-mail) verifying that all three promotion boards in question selected both women and minorities, so any defect in the disputed precepts could not be considered to have been harmless to Petitioner.

h. Enclosure (6) is a Navy Personnel Command e-mail stating that they did have records for use in conducting SSB's for the promotion boards in question, but that they are all paper records, so conducting an SSB for any of those boards would be an entirely manual process.

CONCLUSION:

Upon review and consideration of all the evidence of record, the Board finds that Petitioner's request should be denied.

The Board substantially concurs with the advisory opinion from OJAG. The Board does not consider waiving the three-year limitation appropriate, particularly in light of enclosure (6).

In view of the above, the Board's recommendation is as follows:

00008

RECOMMENDATION:

   a.  That Petitioner's request be denied.

4.  It is certified that a quorum was present at the Board's review and deliberations, and that the foregoing is a true and complete record of the Board's proceedings in the above entitled matter.

*Jonathan S. Ruskin*

ROBERT D. ZSALMAN                JONATHAN S. RUSKIN
Recorder                             Acting Recorder

5.  The foregoing report of the Board is submitted for your review and action.

W. DEAN PFEIFFER

Reviewed and approved:

*Robert T. Cali*

11-21-07

5

00009