# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARK A. PAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-00331 (CKK) |
| | ) | |
| DONALD C. WINTER, Secretary of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.     PLAINTIFF FAILS TO STATE A CLAIM UNDER 10 U.S.C. § 628(g)
           BASED ON HIS ASSERTIONS OF EX PARTE COMMUNICATIONS . . . . . . . 2

          A.    The June 18, 2007 NPC E-Mail Is a Purely Administrative
               Communication . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

          B.    The June 3, 2003 ALNAV Message Is Not a Communication to
               the BCNR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER 10 U.S.C. § 628(g)
           BASED ON ASSERTIONS THAT THE BCNR FAILED TO
           ADDRESS HIS ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## INTRODUCTION

Plaintiff concedes that this Court lacks jurisdiction over his APA claims, set forth in Counts One and Two of his Complaint, because 10 U.S.C. § 628(g) provides the exclusive avenue for judicial review of the Secretary's decision not to convene a special selection board ("SSB") to consider plaintiff's promotion anew. See Pl. Opp. at 1; Pl. Opp. Mem. at 1-2. The parties therefore agree that those counts must be dismissed. Plaintiff has failed to establish that his claims under 10 U.S.C. § 628(g), set forth in Counts Three and Four of his Complaint, should fare any better. The Secretary's decision, through the Board for Correction of Naval Records ("BCNR"), not to convene an SSB, was based on the undisputed fact that, under the applicable Navy regulation governing SSB requests, such requests must be submitted within three years of the original promotion board, but plaintiff submitted his request over eight years after the last promotion board that he sought to challenge. Plaintiff's effort to overturn the Secretary's decision does not involve any suggestion that the three-year time limit was in fact met. Indeed, plaintiff readily concedes that it was not. Rather, his procedural challenges are aimed at the fact that the Secretary did not waive the three-year time limit (even though nothing in the governing statute or regulation provides for any waiver at all). Plaintiff's opposition memorandum fails to explain how the procedural violations he alleges provide a basis for requiring the Secretary to grant such a waiver. Plaintiff has also failed to establish that the messages that, he asserts, constitute impermissible ex parte communications to the BCNR can conceivably be covered by the requirements of 10 U.S.C. § 1556(a), or that the argument to which, he asserts, the BCNR failed to respond merited a response other than that which the BCNR provided. Because Counts Three and Four of plaintiff's Complaint fail to state a claim, this case should be dismissed in its

1

entirely.

## **ARGUMENT**

I.     **PLAINTIFF FAILS TO STATE A CLAIM UNDER 10 U.S.C. § 628(g) BASED ON HIS ASSERTIONS OF EX PARTE COMMUNICATIONS**

Plaintiff's opposition memorandum confirms that his argument regarding purported violations of 10 U.S.C. § 1556, which restricts the BCNR's use of ex parte communications in its deliberations, is focused on (1) a June 18, 2007 e-mail from Navy Personnel Command ("NPC") informing the BCNR that only paper records were available for the years of plaintiff's promotion boards, and (2) a June 3, 2003 ALNAV message informing Navy personnel of an amendment to SECNAVINST 1401.1B.  As explained in defendant's opening brief, however, neither of these messages constitute ex parte communications that the BCNR was required to provide to plaintiff prior to its decision.

A.     **The June 18, 2007 NPC E-Mail Is a Purely Administrative Communication**

Plaintiff fails to support his claim regarding the June 18, 2007 e-mail – an internal communication from NPC, the Navy personnel office, to the BCNR regarding the availability of personnel records for servicemembers considered by the promotion boards that plaintiff challenged.  As explained in defendant's opening brief, this e-mail simply transmitted a basic fact concerning the existence of particular personnel records, and the format in which they existed.  Plaintiff's suggestion that this communication is anything other than "purely administrative" – thus falling within an exception to the disclosure requirements of 10 U.S.C. § 1556 – lacks merit.

Plaintiff's only argument regarding why this communication is not "purely

2

administrative" is that the e-mail was referenced in the BCNR's conclusion and therefore,

plaintiff argues, "pertained directly to and had a material effect on the outcome of Plaintiff's

case."  Pl. Opp. Mem. at 8-9.  This analysis turns the statutory requirements of 10 U.S.C. § 1556

on their head.  Section 1556(b)(4) sets forth an <u>exception</u> to the requirement in § 1556(a).  Thus,

the fact that the e-mail fits within the "purely administrative" exception of § 1556(b)(4) makes it

entirely irrelevant whether the information contained in the e-mail "pertain[s] directly to the

applicant's case or ha[d] a material effect on the applicant's case."[1]  10 U.S.C. § 1556(a).

Plaintiff's attempt to distinguish this internal e-mail from other administrative communications

fails to suggest a real difference between this and transmissions of information such as the date a

plaintiff's application was received – a fact that could certainly have a material effect on an

applicant's case, given the three-year time limit set forth in SECNAVINST 1420.1B, but that

plaintiff concedes would be purely administrative.  <u>See</u> Pl. Opp. Mem. at 8-9.

        Moreover, plaintiff's attempt to refute defendant's statement that the BCNR did not

appear to "rel[y] on the information contained in the e-mail in connection with the merits of

Plaintiff's claim,'" Pl. Opp. Mem. at 9 (quoting Def.'s Op. Br. at 17), falls flat.  With this

statement, defendant was making the point that the availability of personnel records could only

have been relevant, if at all, not to the merits of plaintiff's underlying claims, nor to the question

of whether the three-year time limit for challenging his promotion boards had passed, but only to

the question of whether the Secretary would <u>waive</u> the three-year time limit – a matter that, as

defendant has argued, is entirely committed to the Secretary's discretion.  <u>See</u> Def. Op. Br. at 17-

_____

        [1]Defendant made this very point in his opening brief.  <u>See</u> Def. Op. Br. at 18-19.  Yet
plaintiff has chosen not to address this issue.

18 & n.6.[2]  Plaintiff does not explain how the information could have been relevant to any other consideration.

Furthermore, plaintiff does not provide any indication that, if he had been given advance notice of the e-mail, he could have contested the factual information it contained, or given any response other than simply to state that he should be granted a waiver anyway.  See Pl. Opp. Mem. at 9 (indicating that the only response plaintiff might have made would concern "the proper weight, if any, to be afforded this information").  Indeed, because, as noted above, no statute or regulation requires a waiver under any particular circumstance, plaintiff could not have offered anything other than his own opinion – which he has already provided – that the Secretary should grant a waiver.  The fact that the contents of this e-mail are essentially uncontestable is another indication that it is purely administrative in nature.  Plaintiff has therefore failed to establish any entitlement under 10 U.S.C. § 1556(a) to advance notice of the contents of the June 18, 2007 e-mail, and the BCNR's failure to provide him with the e-mail does not render its decision not to convene an SSB arbitrary, capricious, or contrary to law.  Accordingly, plaintiff cannot state a claim under 10 U.S.C. § 628(g) based on the June 18, 2007 e-mail.

**B.     The June 3, 2003 ALNAV Message Is Not a Communication to the BCNR**

Plaintiff's attempt to force a 2003 ALNAV message into the guise of an ex parte communication to a BCNR panel that was convened in 2007 defies all logic and must be

---

[2]Plaintiff does not contest in his opposition brief the assertion that the Secretary's waiver decision is committed to agency discretion, and therefore unreviewable, nor could he, as neither the governing statute nor the Navy's implementing regulation require that a waiver be provided at all, or set forth any circumstances in which a waiver would be appropriate.  Thus, there are no judicially manageable standards by which the Secretary's decision to grant or deny a waiver could be measured.  See Steeinholdt v. FAA, 314 F.3d 633, 638 (D.C. Cir. 2003).

4

rejected.  As defendant argued in his opening brief, because this message was issued to all Navy

personnel more than three years before plaintiff filed his application with the BCNR, it cannot

possibly qualify as "correspondence" or a "communication" to or from the BCNR, and 10 U.S.C.

§ 1556(a) therefore does not apply.  See Def. Op. Br. at 19-20.  Defendant compared the 2003

ALNAV message to a statute or regulation in order to explain that the BCNR's reference to the

ALNAV message in its decision does not somehow transform the message into a

"communication" to the BCNR, any more than the BCNR's reference to a Navy regulation would

qualify the regulation as such a communication.  Id.

Plaintiff fails to address this point at all in his response.  Instead, he tries to distinguish

the ALNAV message from statutes and regulations on the basis that the message may not have

been as easily located, even though it was publicly available on the Navy's website.[3]  See Pl.

Opp. Mem. at 10-11.  Even if this assertion were assumed to be true, the public availability of the

ALNAV message is irrelevant to the question of whether it constitutes correspondence or a

communication to or from the BCNR.  Clearly, it does not constitute any such thing.

---

[3]In making this point, plaintiff inappropriately relies on testimonial assertions by his counsel, made in the body of his brief.  See Pl. Opp. Mem. at 11.  These counsel represent that they conducted their own experiments in order to determine how easily the ALNAV message could be found, and they conclude that they were unable to find the ALNAV message using search terms.  They neglect to mention, however, that the Navy website provides a full list of ALNAV messages in any given year, and the list is not excessively long.  The message can therefore be found without using any search terms.  See http://www.npc.navy.mil/ReferenceLibrary/Messages.  In any case, though, as explained, this point is irrelevant to the applicability of 10 U.S.C. § 1556(a).  The case plaintiff discusses as addressing the status of an ALNAV message is also not on point because, again, the similarity of an ALNAV message to a statute or regulation is not the determinative factor in regard to whether § 1556(a) might apply, and, moreover, it addressed a different ALNAV message – one that, unlike the message at issue here, did not indicate an amendment to a Navy regulation.  See Olson v. United States, 123 Ct. Cl. 141, 149 (1952).

Moreover, despite plaintiff's suggestion to the contrary, as an administrative issuance alerting Navy personnel of an amendment to a Navy regulation, the ALNAV message also plainly qualifies as "purely administrative in nature" and would therefore be exempt from the requirements of § 1556(a) even if it did constitute a communication to the BCNR. Plaintiff therefore cannot state a claim under 10 U.S.C. § 628(g) based on an allegation that the BCNR's failure to provide him with advance notice of the ALNAV message was in violation of 10 U.S.C. § 1556(a).

## II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER 10 U.S.C. § 628(g) BASED ON ASSERTIONS THAT THE BCNR FAILED TO ADDRESS HIS ARGUMENTS

Plaintiff's final attempt to assert a cognizable challenge to the Secretary's decisionmaking process must also fail. The BCNR adequately explained the basis for its decision and responded to plaintiff's arguments. As described in defendant's opening brief, the BCNR rejected plaintiff's request for an SSB because plaintiff's request was submitted more than eight years after the promotion board decisions that he sought to challenge, far exceeding the three-year limit set forth in the applicable Navy regulation, SECNAVINST 1420.1B(5)(f), which – as authorized by the controlling statute, 10 U.S.C. § 628(j)(2)(B) – directs that SSB requests be denied when submitted outside this three-year time period. See Def. Op. Br. at 20-21. Without disputing the BCNR's reasoning on these issues, plaintiff asserts that the BCNR should have responded to an argument that he raised based on the notion that the three-year time limit was newly imposed on March 28, 2006. Pl. Opp. Mem. at 12-13. Based on his premise that the three-year time limit was new, plaintiff argued that he "'must now be given a reasonable period of time to commence an action before the bar takes effect. . . . in this case, three years.'" Pl. Opp. Mem. at 13 (quoting

Pl. BCNR Application at 7-8).

In arguing that the BCNR should have responded more fully to these points, plaintiff relies on a statement by the D.C. Circuit in <u>Frizelle v. Slater</u>, 111 F.3d 172 (D.C. Cir. 1997), concluding that a correction board's decision was arbitrary where it failed to respond to two of the plaintiff's arguments, "which do not appear frivolous on their face and could affect the Board's ultimate disposition." <u>Id.</u> at 177. However, plaintiff neglects to mention that the burden of showing that an argument is not frivolous and could affect the Board's disposition is on the plaintiff. It is well established that the plaintiff bears the burden of "'overcom[ing] the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith.'" <u>Cochrane v. Wynne</u>, 541 F. Supp. 2d 267 (D.D.C. 2008) (quoting <u>Frizelle</u>, 111 F.3d at 177). In accord with this presumption of regularity, a member of this court, following the Federal Circuit, has recently emphasized that "without the existence of evidence in the record that the [challenged] decision is arbitrary and capricious, the reviewing court has 'no authority to require . . . the Corrections Board to provide further explanation.'" <u>Id.</u> (quoting <u>Richey v. United States</u>, 322 F.3d 1317 (Fed. Cir. 2003)). The court in <u>Cochrane</u> rejected the plaintiff's argument that further explanation was required because the plaintiff "provided no such record evidence to rebut the presumption of regularity." <u>Id.</u>

Here, plaintiff offers no explanation for why the BCNR's decision should be deemed arbitrary or capricious other than his assertion that the BCNR failed to respond to the particular argument he mentioned. Plaintiff also fails to establish that this argument is not frivolous, or that it could affect the BCNR's decision if considered more thoroughly. Instead, plaintiff's

discussion is limited to a quotation from his BCNR application, and a recitation of part of the BCNR decision in an attempt to show that the BCNR did not respond to his argument.  See Pl. Opp. Mem. at 12-14.  Clearly, plaintiff has failed to rebut the presumption of regularity.

Moreover, the BCNR decision does sufficiently respond to plaintiff's argument because it establishes that this argument was based on a false premise – that the three-year time limit was first put into place on March 28, 2006.  In fact, as the BCNR observed, the three-year time limit was put into place on June 9, 2003, as indicated by the ALNAV message discussed above.  By the time plaintiff submitted his application, therefore, the three-year time limit had been in effect for more than three years.  In light of that reality, there was no need for the BCNR to respond in greater detail to plaintiff's contention that he should have had three years from the date the time limit went into effect to submit his request for an SSB.  Because that three-year period had already ended, plaintiff's argument on that point could not possibly have changed the BCNR's ultimate decision.  Plaintiff therefore fails to state a claim based on the BCNR's alleged failure to address his arguments.[4]

---

[4]Defendant has also pointed out that, as indicated in the OJAG opinion, the three-year time limit at issue here is not equivalent to a statute of limitations, so plaintiff's arguments based on cases discussing whether a statute of limitations may be applied retroactively are inapplicable.  See Def. Op. Br. at 22-23.  Plaintiff has chosen not to respond to defendant on this point, instead characterizing defendant's discussion as "post hoc rationalizations."  Pl. Opp. Mem. at 15. However, as defendant previously indicated, the OJAG opinion, with which the BCNR asserted substantial agreement, essentially made exactly this point when rejecting plaintiff's argument. Def. Op. Br. at 22.  Again, plaintiff has failed to satisfy his burden of showing that his argument was entitled to any further response by the BCNR.

## **CONCLUSION**

For the foregoing reasons and those stated in defendant's opening brief, this action should be dismissed in its entirety.

Dated: July 14, 2008                    Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Ave. NW, Room 7218
Washington, D.C. 20001
Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*